ELSPA P. PHELPS, Administratrix, *vs.* WINONA & ST. PETER RAILROAD COMPANY.

November 30, 1887.

**Railway—Negligence—Obstruction of Highway by Snow—Evidence.** Action for damages resulting from the negligence of defendant in obstructing a highway crossing with snow thrown from the railroad track, causing the death of plaintiff's intestate. *Held:* (1) Evidence of the difficulties experienced by other travellers in attempting to pass the crossing prior to the accident, and while the highway was in substantially the same condition, was admissible.

**Action for Injuries causing Death—Damages, how Computed—Evidence.**—(2) Evidence of what the deceased was worth at the time of his death was admissible for the purpose of showing the reasonable expectation of pecuniary benefit to his family from the continuance of his life. Any one who has knowledge of his pecuniary affairs, as an attorney, who managed the settlement of his estate, may testify. The fact that his knowledge was derived in part from proceedings had in the probate court in the settlement of his estate does not render his testimony secondary evidence.

**Estoppel— Dismissal after Granting of New Trial— New Action on Inconsistent Grounds.**—Where an action has been tried, and a verdict for the plaintiff set aside by the court, and a new trial granted, the plaintiff has a right to dismiss or discontinue his action, the same as if no trial had ever been had. It would be a dismissal "before trial," and no bar to another suit for the same cause of action. Nor would the plaintiff be estopped from setting up in the second suit, as the basis of his right to recover, other or different facts from those set up in the first action.

**Abatement—Pendency of another Action.**—To maintain the defence of the pendency of another suit for the same cause of action, it must be affirmatively proved that the suit is *still pending.*

Appeal by defendant from an order of the district court for Waseca county, *Buckham,* J., presiding, refusing a new trial, after a verdict of $5,000 for plaintiff.

*Wilson & Bowers,* for appellant.

*B. S. Lewis,* for respondent.

MITCHELL, J.   Action for damages resulting from defendant's negligence causing the death of plaintiff's intestate.   The negligence charged was throwing snow from the railroad track upon the highway at a crossing, the bank formed by which on one side was highest at the south end, and on the other side highest at the north end, thus rendering the highway impassable on the usual travelled track, and compelling travellers to enter the cut at the end where the bank was lowest on that side, and then follow the railroad track to a point at which they could get out on the opposite side; that this state of things had, to the knowledge of defendant, continued for several weeks, without its removing the obstruction; that while deceased, travelling the highway with a team, was on the railroad track making the crossing in the manner indicated, defendant's train, running at a very high rate of speed, and without any whistle being blown, or bell rung, to warn the travellers at the crossing, ran over and killed him.   The defendant, as its first defence, denied negligence on its part, and alleged contributory negligence on part of the deceased.

1. Defendant's first, third, and fourth assignments of error are the admission of evidence tending to show the unsafe and impassable condition of the highway for some days prior to the accident, and the difficulties experienced by other travellers in attempting to make the crossing.   There was evidence tending to show that the highway was in substantially the same condition during this time as on the day of the accident, except that the obstruction was increased by additional snow being thrown out from the railroad track.   As to the materiality and competency of this evidence there is no room for doubt.   It was admissible both to prove the unsafe condition of the highway, and also that this had continued so long as to charge defendant with knowledge of the fact, and with negligence in not removing the obstruction. These matters were in issue under the pleadings, and also, as appears from the bill of exceptions, under the evidence.   The defendant espe-

cially complains, in this connection, of the fact that the witness Barber was permitted to testify somewhat in detail of the difficulties which he experienced in attempting to cross on the morning of the day of the accident, and also on the day previous, describing what he did, and the efforts he made to get across with his team. Proof of the fact that other persons were unable to cross, and of the efforts they made to do so, was competent for the purpose of showing the obstructed and unsafe condition of the highway. It is analogous in principle to cases where evidence of similar accidents is admitted to show that the common course was in an unsafe condition. It is the practical test of common experience, often the most satisfactory evidence. *Phelps* v. *City of Mankato,* 23 Minn. 276; *Kelly* v. *Southern Minn. Ry. Co.,* 28 Minn. 98, (9 N. W. Rep. 588;) *Morse* v. *Minn. & St. Louis Ry. Co.,* 30 Minn. 465, 471, (16 N. W. Rep. 358;) *Kolsti* v. *Minn. & St. Louis Ry. Co.,* 32 Minn. 133, (19 N. W. Rep. 655;) *Darling* v. *Westmoreland,* 52 N. H. 401; *Kent* v. *Town of Lincoln,* 32 Vt. 591.

2. The fourth assignment of error is that plaintiff was allowed to ask a witness what the deceased was making the journey for; his answer being that it was to get some medicine for his wife. Whether material or not, we do not see that defendant could have been prejudiced by this evidence. The presumption is that he was travelling the highway for a proper purpose. There is nothing in the record to indicate that there was any question of fact at issue under the evidence upon which this testimony could have had any effect prejudicial to the defendant.

3. The fifth, sixth, and seventh assignments of error are the admission of certain evidence tending to show what property the deceased had when he came to the state some 20 years before, what occupation he had followed, how much he had accumulated, and what he was worth at the time of his death. This was clearly admissible for the purpose of showing the reasonable expectation of pecuniary benefit to his family from the continuance of life. *Shaber* v. *St. Paul, M. & M. Ry. Co.,* 28 Minn. 103, (9 N. W. Rep. 575;) *Opsahl* v. *Judd,* 30 Minn. 126, (14 N. W. Rep. 575.) To prove what a man is worth, as in the somewhat analogous case of proving his solvency or insolvency, it is not necessary to produce the title papers for his property,

or the records of conveyances to him. Any person who is conversant with the facts, and who has knowledge of the existence and ownership of his property, may testify. One who managed the settlement of his estate after his death, and in that way acquired knowledge as to what property he had, and what he owed, may testify as to those facts. The fact that he acquired this knowledge, in whole or in part, from proceedings had in the probate court in the settlement of the estate, does not make his evidence secondary in its nature. All the witnesses interrogated on this subject had more or less personal knowledge of the deceased's property and pecuniary affairs, and hence were qualified to testify. The point made that the witness Murphy testified merely as to what deceased told him, is not borne out by the record. His testimony as to what property deceased had at the time inquired about, appears to have been based on what he saw while working for him, or while residing in the neighborhood.

4. The eighth assignment of error is the exclusion of evidence in support of defendant's second defence. This defence is, in substance, that plaintiff had brought a former suit for the same cause of action, in the complaint in which she had alleged the circumstances under which the deceased was travelling on the railroad track at the time of the accident differently from those alleged in this action; that she went to trial on the complaint, and recovered a verdict, which on motion of defendant was set aside, and a new trial granted, on the ground that the deceased had no right to travel on the track under the circumstances as alleged in the complaint, and that in doing so he was guilty of contributory negligence; that thereupon plaintiff moved the court for leave to amend her complaint, so as to allege the facts as now alleged in the complaint in the present action; that the court refused to allow her to amend, for the reason that she must have known the facts prior to going to trial, and that, having seen fit to go to trial on the complaint as it was, she ought not now to be allowed to make a change of base; that thereupon she "dismissed, or claimed to have dismissed," that action, and then brought the present one, alleging as the grounds for recovery the same facts as in the first action, except as varied by the facts which she had unsuccessfully sought to set up by way of amendment to her first complaint.

"Wherefore defendant claims the plaintiff is estopped from maintaining an action or recovering against defendant in this suit on a position or on grounds inconsistent with those set up as her right of action in the first suit, and that it would be inequitable to permit her to take such an inconsistent position after she had, with full knowledge of all the facts, alleged and brought evidence, and sought to recover on different and inconsistent grounds."

This defence is to us a novel one, and the fact that counsel of such ability and usual perspicuity fail to make clear on what legal principles they claim it to rest confirms us in the opinion that there is nothing in it. We think the mere statement of the facts is enough to show that they constitute no defence. Whatever probative force this "change of base" may have to prove that it is an after-thought, and not true in fact, the facts alleged do not contain the first element of estoppel. We have found no case, and have been referred to none, to support the proposition that, after a party has dismissed or discontinued a suit, he may not bring another for the same cause of action, with different allegations in his pleading as to the facts on which he predicates his right of recovery. His laches may be good ground for a court in its discretion to refuse to allow him to amend his pleading in the first action; but, that being discontinued, there is nothing to prevent him from bringing a second action, and framing his pleading as he pleases. Cases such as *Railway Co.* v. *McCarthy*, 96 U. S. 258, cited by counsel, are not at all in point. That was a case where the railway company refused to ship cattle solely and expressly on the ground of want of cars. When sued for breach of contract, they set up as a defence the illegality of making shipments on Sunday. The court very properly held that, having placed their refusal to perform a contract or duty exclusively on one ground, they cannot, when sued, shift their position and place their refusal on some other ground.

This defence was evidently set up, not as a former adjudication, but in the nature of an estoppel by conduct, which should prevent plaintiff from recovering on an alleged state of facts different from, or inconsistent with, those alleged in the first action. But on the argument it was urged that the dismissal of the first action was a de-

termination on the merits; that, one trial being had, it was not a dismissal "before trial," within the meaning of Gen. St. 1878, c. 66, § 262. This is clearly untenable. The award of a new trial wipes out the verdict. Setting aside a verdict is as if it had never been, and it cannot be used for any purpose. It is a mistrial, and the plaintiff has the same right to dismiss or discontinue as if no trial had ever been had. *Edwards* v. *Edwards,* 22 Ill. 121; Hilliard, New Trials, 74; *Hidden* v. *Jordan,* 28 Cal. 301; *City of Winona* v. *Minnesota Ry. Const. Co.,* 27 Minn. 415, (6 N. W. Rep. 795, and 8 N. W. Rep. 148.) Cases arising under the federal "removal acts" are, in view of their manifest purpose, as well as of their peculiar language, not much in point in this case on either side. The court was, therefore, in our opinion, right in excluding all evidence under the second defence, because it did not state facts constituting any defence.

5. The third defence was a plea of a former suit pending for the same cause of action, and the exclusion of evidence alleged to have been offered in support of this defence constitutes the ninth and last assignment of error. The record shows that, in support of the *second defence,* defendant offered *seriatim* the summons, pleadings, verdict, motion papers for a new trial, the order and decision of the court on that motion, the motion papers of plaintiff for leave to amend her complaint, and the order and decision of the court thereon, in the first action already referred to, which were all excluded by the court; that defendant then, without stating the object for which the offer was made, offered the *same papers* altogether, and the rejection of them is the error complained of. In view of the circumstances under which the offer was made, there was nothing to suggest to the mind of the court that it was made in support of the third defence. On the contrary, the natural inference would be that counsel was simply fortifying his position in support of his second defence by reoffering the same papers in mass, especially as these were files and records in the very action which defendant had alleged that plaintiff "had dismissed or attempted to dismiss." If counsel reoffered the papers for another and different purpose, he should under the circumstances have so stated. But, for another reason, there was no

prejudicial error in excluding them. No other evidence was offered in support of the third defence. If admitted, the evidence offered would have been utterly insufficient to prove the pending of another action. The effective part of such a plea is that the action is *still pending.* This must be affirmatively proved. The evidence offered would have simply proved that such an action had been commenced, but while law suits are sometimes very protracted, yet we apprehend that there is no presumption of law that a suit once begun is still pending, until the contrary appears.

Order affirmed.