THOMAS F. FLOODY v. GREAT NORTHERN RAILWAY COMPANY.[1]

Nos. 15,634—(99).

April 24, 1908.

**Right to Dismiss Action—Appeal from Order Granting New Trial.**

Where a cause has so far proceeded that the defendant has obtained a favorable decision or verdict on the merits of the action, plaintiff cannot, as a matter of right, after obtaining an order vacating the decision or verdict and granting a new trial, dismiss the action to the prejudice of defendant's right to review the order on appeal. Phelps v. Winona & St. Peter R. Co., 37 Minn. 485, distinguished.

June 12, 1908.

**New Trial.**

Upon the facts stated in the opinion, the trial court had jurisdiction, and did not abuse its sound legal discretion in vacating a former order, which directed a verdict in favor of appellant, and in granting a new trial.

Action in the district court for Ramsey county against the Great Northern Railway Company and the Chicago, St. Paul, Minneapolis & Omaha Railway Company to recover $25,000 for personal injuries. The case was tried before Hallam, J., and a jury which returned a verdict in favor of plaintiff for $15,000, the court, before the jury retired, having granted the motion of the Great Northern Company to direct a verdict in its favor. The further history of the case is stated in the opinions. From an order granting plaintiff's motion for a new trial against the Great Northern Railway Company, that company appealed. A motion to dismiss the appeal was denied, and the order appealed from was affirmed.

[1] Reported in 116 N. W. 107, 932.

*M. L. Countryman,* for appellant.

*Humphrey Barton* and *John H. Kay,* for respondent.

The following opinion was filed on April 24, 1908.

BROWN, J.

In an action for personal injuries plaintiff had a verdict against one of the defendants, the Chicago, St. Paul, Minneapolis & Omaha Railway Company, but a verdict was directed by the court in favor of the other, the Great Northern Railway Company. Thereafter the Omaha Company moved for a new trial on various grounds, and from an order denying the motion appealed to this court, where the order was reversed and a new trial granted. Floody v. Great Northern Ry. Co., 102 Minn. 81, 112 N. W. 875, 1081. After the cause was remanded from this court, plaintiff moved for a new trial as to the Great Northern Company, and his motion was granted on October 29, 1907. On the following day plaintiff attempted to dismiss the action as to both defendants, notice of which was duly served upon the attorneys of the Great Northern Company. If plaintiff had the right to dismiss at this time, the proceedings taken for that purpose were in all things regular and effectual. The following day, October 31, 1907, defendant Great Northern Company appealed from the order granting plaintiff's motion for a new trial, and plaintiff now moves to dismiss the appeal, on the ground that there was no action pending when it was taken.

Our statutes (section 4195, R. L. 1905) undertake to regulate and control the subject of the dismissal of actions, and provide when and how in the instances there specifically mentioned an action may be dismissed without a determination of its merits; but a case presenting facts like those at bar is not provided for. Under the statute referred to, plaintiff may dismiss as a matter of right in all cases where no provisional remedy has been granted, or counterclaim interposed, or affirmative relief demanded by defendant, where he elects to do so before the commencement of the trial. After the trial begins he cannot in any case dismiss without the consent of defendant or permission of the court. In the case at bar there had been a trial of the action with a verdict for defendant, which was set aside in the new trial granted on plaintiff's motion, after which plaintiff gave notice

of dismissal. As already suggested, our statutes do not cover a case of this kind, and we turn to the rules of the common law in determining the right of plaintiff to thus finally dispose of the case.

Under the early English practice a plaintiff or complainant in an action or proceeding had the right voluntarily to discontinue or dismiss his action even after trial and adverse decision. Washburn v. Allen, 77 Me. 344, 346. The rule was followed for a time in some of the courts of this country. People v. Mayor's Court of Albany, 1 Wend. 36; Wooster v. Burr, 2 Wend. 295. But the injustice of the rule to defendant and a purpose to protect his rights brought modifications by acts of parliament and decisions of the courts, so that finally it became settled at common law that plaintiff could not dismiss as a matter of right where it would prejudice rights of defendant acquired in the due course of the action. The rule is clearly stated in Cooper v. Lewis, 2 Phillips, 178, 181, where the court said: "The plaintiff is allowed to dismiss his bill on the assumption that it leaves the defendant in the same position that he would have stood if the suit had not been instituted, but that is not so where there has been a proceeding in the cause which has given the defendant a right against the plaintiff." The rule thus expressed has been adopted and followed, where the subject is not covered by statute, by nearly all the courts of this country. Bank v. Rose, 1 Rich. Eq. (S. C.) 292; Benton v. Bellows, 61 N. H. 107; State v. Hemingway, 69 Miss. 491, 10 South. 575; Conner v. Drake, 1 Oh. St. 166, 170; 14 Cyc. 406, and cases cited. In Bank v. Rose, supra, the court held that, whenever in the progress of the cause the defendant entitles himself to a decree against the plaintiff, the latter cannot voluntarily dismiss the action to the prejudice of the right so acquired.

Within this rule it is clear that plaintiff's attempted dismissal was ineffectual as to the Great Northern Company. In other words, he had no right under the particular circumstances of the action at the time to thus terminate it without the consent of defendant. Defendant's substantial rights were materially affected, and to hold the dismissal a valid termination of the action would destroy absolutely the right to protect the verdict which had been rendered in its favor. If the verdict was right under the principles of law applicable to the facts, it finally ended the litigation in defendant's favor, and a judg-

ment thereon would bar another action for the same cause. Defendant, therefore, had the right to a review of the order and to sustain the verdict, if the order vacating it was erroneous. Our statutes provide that an appeal from such an order may be taken at any time within thirty days from the date of notice that it has been filed, and if plaintiff may dismiss the action before the expiration of this period the right of appeal is effectually taken away and defendant compelled to submit to a second trial of the action, when in a given case an appeal might result in a reversal of the order granting a new trial and a reinstatement of the verdict. This would extend to plaintiff an arbitrary privilege to the prejudice of defendant and destroy rights which the rule of voluntary dismissal designs to protect.

We therefore hold, in harmony with the rule stated, that where a cause has so far proceeded that defendant has obtained a favorable decision or verdict on the merits of the action, which he is in a position to insist is right and should stand, plaintiff cannot, after obtaining an order vacating the decision and granting a new trial, and before the expiration of the period for appeal therefrom, dismiss his action to the prejudice of the right of defendant to review the order on appeal.

The case is unlike Phelps v. Winona & St. Peter R. Co., 37 Minn. 485, 35 N. W. 273, 5 Am. St. 867. There plaintiff obtained a verdict, which the court set aside on defendant's motion, leaving the parties in the same situation as though no trial had taken place, and by the dismissal both parties stood in the same position they did before the action was commenced. Here defendant had the verdict, and plaintiff's dismissal, if allowed, would bar its right to maintain and insist that the verdict was right and should stand. Of course, if in such case defendant should not, within the time allowed therefor, appeal from the order vacating the verdict, plaintiff could, within the rule of the Phelps case, thereafter dismiss his action.

Motion to dismiss denied.

The following opinion was filed on June 12, 1908.

LEWIS, J.

This cause was originally tried in the district court May 9, 1906. Respondent recovered a verdict against the Omaha Company, and the

court directed a verdict in favor of the Great Northern Railway Company, whereupon respondent moved for a new trial as against the Great Northern Company, which was denied by the trial court on February 26, 1907. The Omaha Company made an alternative motion for judgment notwithstanding the verdict or for a new trial, which motion the trial court denied, and from that order the Omaha Company appealed, and this court decided that it was entitled to a new trial. 102 Minn. 81, 112 N. W. 875. After the filing of that decision, respondent moved for reargument, which motion was denied. 102 Minn. 88, 112 N. W. 1081. The cause was then remanded to the district court, and respondent made a motion to vacate and modify the order of the trial court, of date February 26, 1907, "to the end that a rehearing may be had upon plaintiff's motion for a new trial as to defendant the Great Northern Railway Company, and that such new trial may be granted, and that the said order of said court be so modified to the extent of granting plaintiff's said motion for a new trial." The notice of motion contained the following statement: "The supreme court" "has held that the evidence received upon the trial of said action, and contained in the settled case, should have been submitted to the jury for its determination, both upon the question of the negligence of the switch-tenderman and upon the question of the defective condition of the switch." The trial court granted the motion upon the ground that the verdict and decision, in so far as it concerned the Great Northern Company, was not justified by the evidence, and that company appealed.

Appellant contends that the direct, proximate, and sole cause of the derailment of the engine was the negligence of the switchman in failing to properly throw and lock the switch, that there was no evidence tending to show that the switch was defective, that the verdict directed by the court in favor of appellant was fully justified and required by the evidence, that the application to set aside the verdict was not made in good faith, and that the court had no authority or jurisdiction to entertain the motion.

By reference to the former decision (102 Minn. 81, 112 N. W. 875, 1081) it will be noticed that a new trial was granted as to the Omaha Company upon the ground of misconduct of a juror, and upon the ground that the instructions were somewhat misleading, and that the

jury were not clearly informed what effect they should give to the condition of the switch in determining the liability of the Omaha Company. What was said in the opinion and in the order denying the application for a rehearing was solely with reference to the liability of the Omaha Company. The merits of the controversy as between respondent and the Great Northern Company were in no manner. considered. The court was of opinion that there was evidence in the case tending to show that the switch did not operate perfectly, that it required extra effort on the part of the switchman to close and fasten it, and those facts were to be taken into consideration by the jury in determining whether or not the switchman was negligent in operating it. To repeat: It was not the intention of the court to determine whether or not there was any evidence tending to show that the switch was in such a defective condition as to support the charge of negligence against the Great Northern Company for installing and maintaining it in such condition.

Appellant insists that the trial court proceeded under a misapprehension, and granted a new trial upon the express ground that this court had held that the evidence as to the condition of the switch was sufficient to go to the jury on the question of the liability of the Great Northern Company. It does not appear from the order that the trial court placed its decision upon that ground, and it is apparent from the memorandum attached to the order that the court thoroughly understood the views of this court as expressed in the decision and the order denying a reargument. After referring to the order, the court states: "This was clearly intended as a ruling, as between plaintiff and the defendant Omaha Company, that the evidence presented a question as to its liability because of the defective condition of the switch. While this was not spoken with reference to the liability of defendant Great Northern Company, yet the evidence was the same as to both, and it must follow from this ruling that the case should have been submitted to the jury as to the defendant Great Northern Company." It seems quite apparent that the trial court was of opinion that its former decision in directing a verdict for appellant was not justified by the evidence, and we shall not assume that the trial court intended to base its order upon the assumption that this court had undertaken to decide a matter which was not before it.

The time for appeal had not expired. We find no evidence of bad faith on the part of respondent in making the application, and discover no reason why the learned trial court did not exercise a sound legal discretion in modifying the order.

Affirmed.