## CHESTER W. JOHNSON v. A. C. BURMEISTER.[1]

January 25, 1929.

No. 27,143.

*Chester W. Johnson* and *A. X. Schall, Jr.* for appellant.
*Herbert H. Hoar,* for respondent.

[1]Reported in 223 N. W. 146.

Per Curiam.

Plaintiff at the close of all the testimony moved for a verdict in his favor for $4,000. The motion was denied and the issue submitted to the jury. The jury disagreed and was discharged. Plaintiff then moved for judgment notwithstanding the disagreement, as authorized by G. S. 1923, § 9495. The motion was denied, and plaintiff appeals from the order. Defendant moves to dismiss the appeal on the ground that it is a nonappealable order.

That § 9495 permits the court below to entertain a motion for judgment in case of a disagreement as well as in a case where a verdict adverse to the mover had been rendered is clear. If the court grants the motion, the order is not appealable; but in that event a judgment may be entered upon the order, which is appealable so far as the adverse party is concerned. Where a verdict has been returned and the motion for judgment notwithstanding is denied, the order is not appealable; but here also a judgment may be entered on the verdict and an appeal taken from the judgment in which the order may be reviewed. But where there is a disagreement and a motion for judgment notwithstanding is denied no judgment can be entered. So far as the court below is concerned the case stands as if never tried. There has been no determination of the cause of action on the merits so as to make the order appealable under G. S. 1923, § 9498(3)—the section specifying the appealable orders and judgments. The motion for judgment non obstante veredicto (or non obstante disagreement) is analogous in character to a motion for judgment on the pleadings. Both raise the question of law whether on the record the moving party is entitled to judgment. In the one case it is based upon the record of the evidence, and in the other upon the record contained in the pleadings. In either case the order thereon is nonappealable; but when a judgment may be entered on the order the merits of the order are reviewed on appeal from the judgment. If judgment on the pleadings is denied the order is not appealable, under § 9498(3)—the only subdivision under which an order denying judgment notwithstanding a disagreement could come. This was settled as early as in McMahon v. Davidson, 12 Minn. 232, 243 (357), the court saying:

"An order from which an appeal lies under this clause of the statute must be decisive of the question involved, or of some strictly legal right of the party appealing; an order which leaves the point involved still pending before the court and undetermined cannot be said to involve the merits or affect a substantial right."

The latest utterance of the court on the subject is McClearn v. Arnold, 173 Minn. 183, 217 N. W. 106, also containing a citation of prior decisions. The same ought to be the result in respect to an order denying a motion for judgment in case of a disagreement. In neither case has the jury, the trier of the issues of fact, determined such issues. The order denying judgment notwithstanding leaves the issues involved "still pending before the court [below] and undetermined" and so cannot be said to be an order involving the merits or affecting a substantial right of appellant within the construction of G. S. 1923, § 9498(3).

It also seems clear that the amendment of 1917 to G. S. 1923, § 9495, while it gives a party the right to move for judgment notwithstanding a disagreement, did not intend to make the order granting or denying the motion appealable, for it says:

"If the motion for judgment notwithstanding the verdict be denied, the supreme court, on appeal from the judgment, may order judgment to be entered," etc.

Note the wording on "appeal from the judgment," not on appeal from the order. We do not think § 9495, as it now reads, was meant to increase the appealable orders beyond the ones specified in § 9498.

The appeal is dismissed.