### O. R. BOLSTAD v. PAUL BUNYAN OIL COMPANY AND OTHERS.
### CLIFFORD VAN LOON, APPELLANT.[1]

April 30, 1943.

No. 33,562.

■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■

■■■■■■■■■■

■■■■■■■■■■■■■■

[1]Reported in 9 N. W. (2d) 346.

*Durham & Swanson,* for appellant.
*Joseph W. Ryan,* for respondent.

PETERSON, JUSTICE.

This is an appeal from a judgment dismissing the action without prejudice after denial of defendant Van Loon's motion for judgment notwithstanding disagreement of the jury.

Plaintiff sued to recover for personal injuries. The jury disagreed and was discharged. Defendant Van Loon then moved under Minn. St. 1941, § 605.06 (Mason St. 1927, § 9495), for judgment notwithstanding the disagreement of the jury. Prior to hearing of the motion plaintiff entered a voluntary dismissal, of which he gave due notice to defendants. Defendant Van Loon objected to the dismissal. After denial of his motion for judgment *non obstante,* defendant Van Loon procured an order dismissing the action without prejudice, caused judgment of dismissal to be entered thereon, and appealed from the judgment.

Plaintiff moves to dismiss the appeal upon the ground that dismissal of the action below is authorized under § 546.39(1), (§ 9322[1]) as one "before the trial begins." Defendant Van Loon contends that the dismissal is unauthorized as one before trial, because it occurred after a trial and disagreement of the jury, and because in that situation he had the right under § 605.06 (§ 9495) to have his motion determined, notwithstanding any attempt to dismiss the action and have the determination of the mo-

tion, if adverse to him, reviewed on appeal from the judgment of dismissal subsequently entered.

■ Under § 546.39 (1), (§ 9322[1]), a plaintiff has the right, except in certain cases not here material, voluntarily to dismiss an action "before the trial begins." A dismissal after a mistrial is "before the trial begins," because a mistrial is in legal effect no trial at all. After a mistrial the case stands as if there had been no trial of any kind. In Phelps v. Winona & St. P. R. Co. 37 Minn. 485, 490, 35 N. W. 273, 275, 5 A. S. R. 867, a dismissal after a new trial was granted was held to be "before trial," within the meaning of the statute. There we said: "The award of a new trial wipes out the verdict. * * * It is a mistrial, and the plaintiff has the same right to dismiss or discontinue as if no trial had ever been had." In harmony with the views expressed in the Phelps case, it is held that where the jury disagrees there is a mistrial, which in legal effect is the same as if there had been no trial. Fisk v. Henarie (C. C.) 32 F. 417, 427; Baird v. C. R. I. & P. Ry. Co. 61 Iowa 359, 13 N. W. 731, 16 N. W. 207. This was the undoubted rule when § 605.06 (§ 9495) was amended by L. 1917, c. 24, § 1, so as to authorize a motion for judgment notwithstanding a disagreement the same as one notwithstanding an adverse verdict. Section 605.06 (§ 9495) reads:

"When, at the close of the testimony, any party to the action moves the court to direct a verdict in his favor, and such motion is denied, upon a subsequent motion that judgment be entered notwithstanding the verdict, or notwithstanding the jury has disagreed and been discharged, the court shall grant the same if the moving party was entitled to such directed verdict."

In Johnson v. Burmeister, 176 Minn. 302, 303, 223 N. W. 146, 147, where there was a motion notwithstanding a disagreement, we construed the statute, and said:

"If the court grants the motion, the order is not appealable; but in that event a judgment may be entered upon the order, which is appealable so far as the adverse party is concerned. Where a

verdict has been returned and the motion for judgment notwithstanding is denied, the order is not appealable; but here also a judgment may be entered on the verdict and an appeal taken from the judgment in which the order may be reviewed. But where there is a disagreement and a motion for judgment notwithstanding is denied no judgment can be entered. So far as the court below is concerned the case stands as if never tried. There has been no determination of the cause of action on the merits so as to make the order appealable under G. S. 1923, § 9498(3)—the section specifying the appealable orders and judgments."

Sections 546.39(1) and 605.06 (§§ 9322[1] and 9495) should be, as they have been, construed together. While the plaintiff has the right to dismiss under § 546.39(1), (§ 9322[1]), after award of a new trial, as we held in Phelps v. Winona & St. P. R. Co. 37 Minn. 485, 35 N. W. 273, 5 A. S. R. 867, *supra,* that right was held to be subject to the defendant's right under R. L. 1905, § 4365(4), to have the order granting a new trial reviewed on appeal. Floody v. G. N. Ry. Co. 104 Minn. 517, 116 N. W. 107. By parity of reasoning, the right to dismiss after disagreement of the jury is subject to the right of the defendant to move for judgment *non obstante.*

The condition, which the defendant's right to move for judgment notwithstanding a disagreement of the jury imposes on the plaintiff's right voluntarily to dismiss, may be removed. All that the statute intends is that the defendant should have an opportunity to move for judgment *non obstante.* When he has done that, he has exhausted the right which the statute accords him. In the Floody case we held that the condition which the defendant's right to appeal imposes on plaintiff's right to dismiss after a new trial has been granted may be lost by the defendant's nonaction, that is, by failure to appeal during the time allowed therefor. We there said (104 Minn. 520, 116 N. W. 109):

"Of course, if in such case [where a new trial is granted] defendant should not, within the time allowed therefor, appeal from

the order vacating the verdict, plaintiff could, within the rule of the Phelps case, thereafter dismiss his action."

Where the defendant acts and exercises his right, the purpose of the statute has been satisfied. In the instant case defendant exercised the right to move for judgment *non obstante*. By so doing, the only condition upon plaintiff's right to dismiss under § 546.39(1), (§ 9322[1]), was removed. As we said in Johnson v. Burmeister, 176 Minn. 302, 223 N. W. 146, 147, *supra*, the case then stood "as if never tried." Since, as we held in Johnson v. Burmeister, no judgment can be entered on the order denying the motion and the order itself is not appealable, the matter has become final and the case stands with a mistrial and right on the part of plaintiff to dismiss.

■ In answer to a further point raised by defendant that the denial of judgment *non obstante* is reviewable under § 605.09(1), (§ 9498[1]), as an intermediate order on appeal from the judgment of dismissal "involving the merits or necessarily affecting the judgment appealed from," we hold that the review under such an appeal is confined to the proceedings which resulted in the judgment. Muellenberg v. Joblinski, 188 Minn. 398, 247 N. W. 570. The denial of the motion for judgment *non obstante* was no part of the proceedings resulting in the judgment of dismissal, and is not reviewable on appeal from such a judgment.

It appears that the sole object of the appeal is to obtain a review of the order denying the motion for judgment *non obstante*. Since that order cannot be reviewed on appeal from the judgment of dismissal, the appeal should be dismissed.

Appeal dismissed.