# L. T. FLITTON v. LAWRENCE DALEKI.[1]

March 3, 1944.

No. 33,654.

*Linderman & Shaeffer,* for appellant.
*Snyder, Gale, Hoke, Richards & Janes,* for respondent.

MAGNEY, JUSTICE.

Automobiles owned by plaintiff and defendant collided in the intersection of Second street northeast and Eighth avenue north-

[1]Reported in 13 N. W. (2d) 477.

east in the city of Minneapolis. Plaintiff brought an action in municipal court of Minneapolis to recover for damage to his car. Defendant counterclaimed for damage to his car. The jury found for defendant without an award of damages. The court granted a new trial "exclusively upon errors of law as noted in the memorandum hereto." Defendant appeals from that order.

■ The facts are these. Plaintiff was driving east on Eighth avenue, and defendant was driving south on Second street. The traffic at that intersection is controlled by an automatic *"Stop-and-Go"* signal. Defendant testified that the "caution" or yellow light came on beneath the green or *"Go"* light when he was on the crosswalk on the northerly side of Eighth avenue. He proceeded on through, having failed to see plaintiff's car.

Two statutes are involved. Minn. St. 1941, § 169.06, subd. 5 (Mason St. 1940 Supp. § 2720-164), reads in part as follows:

*"Colors for devices.* When traffic is controlled by traffic-control signals exhibiting the words 'Go,' 'Caution,' or 'Stop,' or exhibiting different colored lights successively one at a time, the following colors only shall be used, which terms and lights shall indicate as follows:

"(a) Green alone, or 'Go'—

\* \* \* \* \*

"(b) Yellow alone, or 'Caution,' when shown following the green or 'Go' signal—

"(1) Vehicular traffic facing the signal shall stop before entering the nearest crosswalk at the intersection, but vehicles within the intersection may be driven cautiously through the intersection; \* \* \*"

The other statute is *Id.* § 169.96 (§ 2720-291), which reads in part as follows:

*"Interpretation and effect.* \* \* \*

"In all civil actions, a violation of any of the provisions of this chapter, by either or any of the parties to such action or actions shall not be negligence per se but shall be prima facie evidence of negligence only."

On defendant's own statement, that the "caution" or yellow light came on beneath the green or *"Go"* signal when he was on the crosswalk across Second street, he was not *within* the intersection when the yellow light came on beneath the green one. "Intersection" is defined by *Id.* § 169.01, subd. 36 (§ 2720-151[35]), as "the area embraced within the prolongation or connection of the lateral curb lines"; that is, the area within the curb lines as extended. When the yellow light comes on and a vehicle is already within the intersection, it may be driven cautiously through. The statute prohibits entering an intersection after the yellow or "caution" light is shown. This court so held in Litman v. Walso, 211 Minn. 398, 401, 1 N. W. (2d) 391, 392, where we stated:

"The statute, applied to the semaphore in this case, required defendant to stop when the light showed yellow under the green 'Go' sign. Violation of the statute was *'prima facie* evidence of negligence.'"

The court there held that defendant could not have been "lawfully" within the intersection at the time of collision, because, under the evidence in the case, he must have entered under the yellow warning light. In Christensen v. Hennepin Transp. Co. Inc. 215 Minn. 394, 399, 10 N. W. (2d) 406, 410, 147 A. L. R. 945, it is stated:

"Where traffic is regulated by a *'Stop-and-Go'* traffic control device * * *, it is the duty of the driver of a motor vehicle to be on the lookout for, to discover, and to obey implicitly traffic control signals."

In other words, he must be alert to notice the changing directions indicated by the traffic control device. The statute provides that a vehicle within the intersection when the green light changes to yellow "may be driven cautiously through." It does not so provide as to a car which enters the intersection *after* the green light has changed to yellow. Admittedly, the statute is not well worded. But, fairly and practically interpreted, it means that a vehicle shall not enter the intersection after the traffic signal lights have turned to yellow.

■ Defendant on his own version of his driving violated the statute. The trial court did not instruct the jury that such violation was *prima facie* evidence of negligence. It granted a new trial exclusively upon the ground of errors of law in failing to charge the jury that the "actions of defendant in entering the intersection with the automatic signal at the caution was negligence *per se.*" Of course, such a violation of the statute was not negligence *per se,* but *prima facie* evidence of negligence. What the court plainly intended to say was that defendant's action, on his own testimony, was a violation of law, but inadvertently he misstated the legal effect of the violation.

In Wojtowicz v. Belden, 211 Minn. 461, 465, 1 N. W. (2d) 409, 410, this court said:

"A *prima facie* case simply means one that prevails in the absence of evidence invalidating it. * * * In a jury trial, if there is such evidence, the issue is for the jury. But where, as here, the *prima facie* case is unopposed by evidence, a verdict must be directed accordingly."

■ The trial court determined that there was in fact prejudicial error and that plaintiff was entitled to a new trial. In this we concur. In Mingo v. Extrand, 180 Minn. 395, 399, 230 N. W. 895, 897, where after a verdict for defendant the court granted a new trial, on plaintiff's motion, for error in instructions, this court said:

"* * * Whether errors in the charge were prejudicial and likely to or did mislead or influence the jury are questions which the trial court is in a better position to determine than is the appellate court. Where there is error in the charge and the trial court deems such error prejudicial and ground for a new trial, it should require a clear showing of error or abuse of discretion to warrant this court in reversing."

Order affirmed.