BENJAMIN STOREY AND OTHERS v. ETTA R. WEINBERG AND OTHERS.[1]

April 2, 1948.

Nos. 34,514, 34,515.

[1]Reported in 31 N. W. (2d) 912.

*Abbott, MacPherran, Dancer & Montague,* for appellant Etta R. Weinberg.

*Jenswold, Butchart & Dahle,* for appellant MacDonald Motor Company.

*George Torwick, pro se.*

*Henry A. Courtney,* for respondents.

MATSON, JUSTICE.

Defendants appeal from orders granting a new trial to plaintiffs in two personal injury actions tried together.

On August 28, 1946, an automobile owned by defendant Etta R. Weinberg and driven by defendant George Torwick, an employe of defendant MacDonald Motor Company, struck and injured plaintiff Benjamin Storey, III (hereinafter referred to as Benjamin), a five-year-old boy. Mrs. Weinberg had left her car with the MacDonald company for greasing and washing. She was unable to call for the car when the greasing and washing was completed, and so, in accordance with a practice followed on a number of prior occasions, the MacDonald company directed one of its employes to drive the car to the Weinberg residence, whereupon Mrs. Weinberg entered the car as a passenger for the purpose of accompanying the driver back to the garage, where for the first time she would personally take over the actual operation of the vehicle. At about 4:30 p. m. on the return trip to the garage, with Torwick driving, the accident occurred at the intersection of Woodland avenue and Lewis street in Duluth, Minnesota. The Weinberg car was proceeding south on Woodland avenue toward the intersection with Lewis street. A short distance ahead of the Weinberg car was a trolley bus going in the same direction. This bus drew up to the curb at a bus stop just north of the intersection on the west side of Woodland avenue. In passing the parked bus on the left side, the Weinberg car struck Benjamin as he ran out past the front end of the bus. Benjamin, accompanied by his mother and his younger brother, had been walking on the north sidewalk of Lewis street toward Woodland avenue. As they neared the intersection, Benjamin, who had gone on somewhat ahead of his mother, cried "I am going to cross before this bus starts," and ran out in front of the bus into the path of the Weinberg car. The evidence is in conflict as to the speed of the Weinberg car, but it would permit a finding that it was going about 25 to 30 miles per hour.

Benjamin, by his father and natural guardian, brought an action against all three defendants for damages for personal injuries.

Benjamin's father and mother also personally sued the three defendants for medical and hospital expense incurred in the treatment of their son. The actions were tried together, and in both cases the jury returned verdicts for defendants. Plaintiffs thereupon made, and the court granted, a motion for a new trial in each action. The motions were granted on the ground of errors of law occurring at the trial, said errors being set out by the court as consisting of its inadvertent omission from the charge to the jury of several requisite instructions as to speed (M. S. A. 169.14, subds. 1, 2, 3) which it had agreed previously to give. At the time of the hearing upon plaintiffs' motions, the MacDonald company moved for dismissal on the ground that as a matter of law Torwick was not its agent and employe when the accident happened.

1–2–3. The granting of a motion for a new trial on the ground of erroneous instructions to the jury, unlike a denial thereof, rests largely in the sound discretion of the court, and its decision will not be disturbed on appeal unless there has been a clear abuse of that discretion.[2]

In the instant case, defendants contend that the trial court erred in granting a new trial, in that plaintiffs, by wholly failing to call the attention of the court to its inadvertent omission of certain previously agreed upon and material instructions as to speed (M. S. A. 169.14, subds. 1, 2, 3), had precluded themselves from asserting such omission as ground for a new trial. At the close of the charge, the court inquired of counsel if there had been any omissions or errors that should be supplied or corrected. Plaintiffs' counsel remained silent until after the jury had retired, and then for the first time took exception to the charge. It was his duty to speak before it was too late for the court to correct its mistake or inadvertent omission. State v. VanGuilder, 199 Minn. 214, 271 N. W. 473. The right to call the court's attention to its inadvertent omission or error in the charge, or to take exception thereto, involves a corresponding duty

[2]Mingo v. Extrand, 180 Minn. 395, 230 N. W. 895; Larson v. Sventek, 211 Minn. 385, 1 N. W. (2d) 608; Flitton v. Daleki, 216 Minn. 549, 13 N. W. (2d) 477; 5 Dunnell, Dig. & Supp. § 7166. Cf. Ensor v. Duluth-Superior Transit Co. 201 Minn. 152, 275 N. W. 618.

to exercise such right seasonably before the jury has retired. While M. S. A. 547.03, subd. 1, does not require exceptions to instructions to be taken orally and permits them to be taken in the notice of motion for a new trial, it does not go to the length of permitting ambiguous or verbally inaccurate instructions to be so challenged. Donea v. Massachusetts Mut. L. Ins. Co. 220 Minn. 204, 215, 19 N. W. (2d) 377, 383. M. S. A. 547.03, subd. 2, which provides that "any adverse ruling * * * or instruction of the court * * * shall be deemed excepted to for all purposes," was not intended to obviate the necessity of seasonably calling the court's attention to inadvertent omissions or errors in the charge, but merely to eliminate the need for taking an exception where the court has acted adversely after its attention has been directed to the alleged error. See, 31 Minn. L. Rev. 736. In Applebee v. Perry, 87 Minn. 242, 91 N. W. 893, 894, we held:

"It is well settled in our state that the omission of material instructions, or indefiniteness or insufficiency or even obscurity, in the charge of the court, is no ground for error or for a new trial, when the attention of the court was not at the time specifically called to the defect, and further and more definite instructions asked for."

See, Dehen v. Berning, 198 Minn. 522, 270 N. W. 602; Doody v. St. Paul City Ry. Co. 198 Minn. 573, 270 N. .W. 583. The order granting a new trial is not sustainable on the ground of inadvertent omissions as specified by the trial court.

4. Where, however, a motion for a new trial is granted solely for errors of law and the errors specified by the trial court are inadequate, the order granting the motion may be sustained by showing other errors than those specified if such other errors are prejudicial and were properly raised.[3] Plaintiffs in their motions assigned other errors, and one of these related to plaintiffs' request that the jury be instructed as to the rights and duties of pedestrians

[3]Tiedje v. Haney, 184 Minn. 569, 239 N. W. 611; Gutmann v. Anderson, 142 Minn. 141, 171 N. W. 303; McAlpine v. Fidelity & Cas. Co. 134 Minn. 192, 158 N. W. 967; 1 Dunnell, Dig. & Supp. §§ 394 and 421.

at crosswalks in accordance with the applicable portions of M. S. A. 169.21. The denial of this request was prejudicial error. The record shows that the boy was struck while crossing the street at the intersection crosswalk. The evidence would permit a finding that the Weinberg car approached the intersection at about 25 to 30 miles per hour, without appreciably reducing its speed, and that it passed the parked bus, which obscured the vision of any approaching motorists as to pedestrians concealed by the bus who were about to cross the street. One of the issues of fact for the jury was whether Torwick, the driver of the Weinberg car, was negligent in its operation. Under the circumstances, the jury should have been instructed as to the respective rights and duties of motorists and pedestrians at an intersection. It is impossible to determine whether a person was negligent under certain conditions unless it is known what the law requires of him under those conditions. The error in refusing to give the instruction was prejudicial and is sufficient to sustain the court's orders for a new trial. See, Kunkel v. Paulson, 197 Minn. 107, 266 N. W. 441. We find, therefore, no abuse of the trial court's discretion in granting a new trial.

5. At the close of the evidence, the MacDonald company moved for a directed verdict on the ground that as a matter of law it did not sustain the relation of master toward Torwick at the time of the accident. This motion was denied. At the hearing on plaintiffs' motions for a new trial, the motor company moved for dismissal on the merits. This motion was denied by the same order which granted plaintiffs' motions for a new trial. No doubt the motion for dismissal on the merits was prompted by the fact that M. S. A. 605.06 makes no provision for the granting of judgment *non obstante* where a verdict for the defendants is set aside and plaintiffs are granted a new trial. Overlooking any irregularity in its presentation, what could be the effect of the motions? Before the verdicts here were set aside and a new trial granted, the motions had nothing upon which to operate, in that the verdicts absolved all defendants from liability. After a new trial had been granted, the verdicts were wiped out, and the legal effect was the same as if

there had been no trial. The parties then occupied a status demanding a trial *de novo*. In Phelps v. Winona & St. P. R. Co. 37 Minn. 485, 490, 35 N. W. 273, 275, 5 A. S. R. 867, where we held that a dismissal after the granting of a new trial was a dismissal "before trial" within the meaning of the statute, we said:

"* * * The award of a new trial wipes out the verdict. Setting aside a verdict is as if it had never been, and it cannot be used for any purpose. It is a mistrial, and the plaintiff has the same right to dismiss or discontinue as if no trial had ever been had."

If contrary to fact, we assume, solely for purposes of illustration, that M. S. A. 605.06 did authorize an order for judgment *non obstante* where a verdict for defendants has been set aside and a new trial granted, what would have been the effect if a motion therefor in this case had been denied? We had an analogous situation in Johnson v. Burmeister, 176 Minn. 302, 303, 223 N. W. 146, 147, wherein we said:

"* * * But where there is a disagreement and a motion for judgment notwithstanding is denied no judgment can be entered. *So far as the court below is concerned the case stands as if never tried. There has been no determination of the cause of action on the merits so as to make the order appealable * * *.*" (Italics supplied.)

By parity of reasoning, no other effect should be given to the denial of a motion for dismissal on the merits under similar circumstances. In Bolstad v. Paul Bunyan Oil Co. 215 Minn. 166, 170, 9 N. W. (2d) 346, 348, we said:

"In answer to a further point raised by defendant that the denial of judgment *non obstante* is reviewable under § 605.09(1), (§ 9498[1]), as an intermediate order on appeal from the judgment of dismissal 'involving the merits or necessarily affecting the judgment appealed from,' we hold that *the review under such an appeal is confined to the proceedings which resulted in the judgment.* Muellenberg v. Joblinski, 188 Minn. 398, 247 N. W. 570. *The denial of the motion for judgment non obstante was no part of the proceedings*

*resulting in the judgment of dismissal, and is not reviewable on appeal from such a judgment."* (Italics supplied.)

Clearly, the portion of the trial court's order denying defendant MacDonald Motor Company's motion for a dismissal on the merits involved no part of the proceedings resulting in the granting of a new trial. It is nonappealable. It follows that an appeal from an order setting aside a verdict for defendants and granting plaintiff a new trial does not bring up for review a nonappealable portion of such order which denied a motion by one of the defendants for a dismissal on the merits as to said defendant. An appeal from an order which is appealable in part and nonappealable in part brings up for review only that part which is appealable. Marty v. Nordby, 201 Minn. 469, 276 N. W. 739.

The orders of the trial court granting a new trial are affirmed.

Affirmed.

MR. JUSTICE MAGNEY took no part in the consideration or decision of this case.

---

[1]Reported in 31 N. W. (2d) 918.