**HALLA NURSERY, INC., Respondent,**

v.

**BAUMANN–FURRIE & CO., et al., Appellants.**

**No. C9–88–2119.**

Court of Appeals of Minnesota.

April 11, 1989.

Review Granted June 21, 1989.

Keith A. Hanson, Fetterly & Gordon, P.A., Minneapolis, for respondent.

L.H. May, Jr., Charles E. Lundberg, Bassford, Heckt, Lockhart, Truesdell & Briggs, P.A., Minneapolis, for appellants.

Heard, considered and decided by FOLEY, P.J., and NIERENGARTEN and LESLIE,* JJ.

## OPINION

NIERENGARTEN, Judge.

The district court granted the respondent's motion for a new trial because the court failed to advise the jury of the effect of its answers to comparative fault questions. The appellant asserts the district court abused its discretion by granting the new trial because the respondent did not timely object to the jury instructions and claims the alleged errors do not involve fundamental law or controlling principle. We affirm.

## FACTS

The appellant Baumann–Furrie & Company is an accounting firm which provided accounting services for the respondent Halla Nursery, Inc. Sometime during the peri-

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

od in which Baumann–Furrie performed its accounting services an employee of Halla Nursery embezzled substantial sums of money from the nursery. Halla Nursery sued Baumann–Furrie alleging the firm should have detected or prevented the embezzlement and was negligent in performing its accounting services. Baumann–Furrie denied liability and asserted the embezzlement was not detected because of Halla Nursery's own negligence.

Prior to trial, Halla Nursery filed a motion in limine to exclude any evidence of its own alleged negligence. Halla Nursery asserted its purported negligence could not be considered unless its own actions directly affected Baumann–Furrie's duty to report the truth and perform its tasks in conformance with generally accepted professional standards. The motion apparently was denied. After the jury retired, Halla Nursery noted its exception to the court's decision which allowed the jury to consider any comparative negligence.

By special verdict form, the jury determined that both Halla Nursery and Baumann–Furrie were negligent in failing to detect the embezzlement and that the negligence of both was a direct cause of the nursery's damages. The jury apportioned Baumann–Furrie's negligence at twenty percent and Halla Nursery's negligence at eighty percent. The jury determined Halla Nursery's damages from the embezzlement were $309,761.

The trial court adopted the jury verdict and concluded Halla Nursery was not entitled to recover any damages.

Halla Nursery filed a motion for judgment notwithstanding the verdict or a new trial. Halla Nursery asserted that the jury was improperly instructed and that counsel were improperly precluded from commenting on the effect of the jury's answers to the comparative fault questions. Halla Nursery also claimed that the jury was improperly instructed with respect to the nursery's comparative fault, that evidence of collateral sources was improperly admitted and that the verdict was not justified by the evidence.

The district court granted the motion for a new trial "on the issues of liability only." Baumann–Furrie appeals the district court's order granting a new trial. Halla Nursery filed a notice of review.

## ISSUES

1. Did the district court err by allowing the jury to consider the respondent's alleged negligence in apportioning fault?

2. Did the district court abuse its discretion by granting a new trial?

3. Did the district court err by allowing the appellants to introduce evidence of collateral source recoveries?

## ANALYSIS

### 1. Comparative Negligence

■ Halla Nursery claims the district court erred by allowing the jury to consider its negligence and urges this court to apply the rule followed in *Lincoln Grain, Inc. v. Coopers & Lybrand,* 216 Neb. 433, 345 N.W.2d 300 (1984), which holds accountants are not immune from the consequences of their own negligence merely because those who employ them may have conducted their businesses negligently. *See id.* at 441–42, 345 N.W.2d at 307. Under the *Lincoln Grain* rule, client negligence may be raised as a defense "only where it has contributed to the accountant's failure to perform the contract and to report the truth." *See id.; see also Shapiro v. Glekel,* 380 F.Supp. 1053, 1058 (S.D.N.Y.1974). Baumann–Furrie asserts the comparative fault statute was properly applied to this case.

■ We believe the *Lincoln Grain* rule is the appropriate rule to apply in an action against an accountant whose alleged negligent performance of the accounting contract results in damages to the client. An accountant should be liable for damages caused by nonperformance of its contractual duties; a client's negligence should be considered only if the client's negligence contributed to the accountant's failure to perform the contract. Whether a client negligently dealt with its accountant and whether the negligence contributed to the

accountant's failure to perform its contract in accordance with generally accepted accounting standards are fact questions for the jury's determination. *See Lincoln Grain,* 216 Neb. at 442, 345 N.W.2d at 307. If the jury determines contributory negligence questions, it also should be given appropriate instructions on comparative negligence. *See* Minn.Stat. § 604.01, subd. 1 (1988) (contributory fault shall not bar recovery "if the contributory fault was not greater than the fault of the person against whom recovery is sought").

### 2. Motion for New Trial

"The granting of a motion for a new trial on the ground of erroneous instructions to the jury, * * * rests largely in the sound discretion of the court, and its decision will not be disturbed on appeal unless there has been a clear abuse of that discretion."

*Lindstrom v. Yellow Taxi Co. of Minneapolis,* 298 Minn. 224, 230, 214 N.W.2d 672, 677 (1974) (quoting *Storey v. Weinberg,* 226 Minn. 48, 51, 31 N.W.2d 912, 914 (1948)).

■ The district court concluded it must grant Halla Nursery's motion for a new trial "because it erred in failing to instruct the Jury on the effect of its answers to the percentage of negligence question." A jury cannot be informed of the effect of its answers on the outcome of a case unless the case involves comparative fault issues.

In actions involving Minn.Stat.1971, sec. 604.01, the court shall inform the jury of the effect of its answers to the percentage of negligence question and *shall* permit counsel to comment thereon, unless the court is of the opinion that doubtful or unresolved questions of law, or complex issues of law or fact are involved, which may render such instruction or comment erroneous, misleading or confusing to the jury.

Minn.R.Civ.P. 49.01(2) (emphasis added).

The court determined it would submit the comparative fault issue to the jury but did not inform the jury how its answers to the comparative fault question would affect Baumann–Furrie's liability to Halla Nursery, even though Rule 49.01(2) states the court "shall" inform the jury of the effect of its answers. There is no indication in the record that the court determined doubtful or unresolved questions of law or complex issues would have rendered instructions or comments on comparative negligence "erroneous, misleading or confusing to the jury." *See* Minn.R.Civ.P. 49.01(2).

Baumann–Furrie notes that Halla Nursery did not timely object to the court's failure to inform the jury about the effect of its answers to the comparative fault questions. Baumann–Furrie asserts the omission did not involve "fundamental law or controlling principle" and therefore claims the issue cannot be raised in a motion for a new trial. *See* Minn.R.Civ.P. 51 (instruction errors involving "fundamental law or controlling principle may be assigned in a motion for a new trial though it was not otherwise called to the attention of the court"); *see also Lewis v. Equitable Life Assurance Society of the United States,* 389 N.W.2d 876, 885 (Minn.1986) ("Fundamental errors of law in jury instructions are reviewable on appeal so long as they have been assigned as errors in the motion for new trial.").

Errors are likely to be considered fundamental or controlling if they "destroy the substantial correctness of the charge as a whole," cause a miscarriage of justice, or result in substantial prejudice.

Where the instructions are misleading and conflicting on a material issue, a new trial should ordinarily be granted unless the error is cured by withdrawal of the defective instruction.

*Lindstrom,* 298 Minn. at 229, 214 N.W.2d at 676 (footnotes omitted).

The decision to grant a new trial lies within the "sound discretion" of the district court which cannot be reversed on appeal "unless there has been a clear abuse of that discretion." *See Lindstrom,* 298 Minn. at 230, 214 N.W.2d at 677. The district court determined its failure to inform the jury about the comparative fault question is sufficient grounds for a new trial. It is possible the jury did not understand the consequences of its answers to

the comparative fault questions and thought Halla Nursery would recover some damages from Baumann–Furrie even though the jury determined only twenty percent of Halla Nursery's damages was attributable to Baumann–Furrie's negligence. *Cf. Christopherson v. Independent School District No. 284,* 354 N.W.2d 845, 848 (Minn.Ct.App.1984) ("Without further explanation [about the effect of the jury's answers to the percentage of fault question], the jury could easily have believed their verdict allowed appellants to recover half of their damages."). If the jury did not understand the effect of its answers, Halla Nursery was substantially prejudiced by the court's inadvertent failure to inform the jury as required by Rule 49.01(2). The court's error therefore was "fundamental or controlling." *See Lindstrom,* 298 Minn. at 229, 214 N.W.2d at 676. We also note that the district court did not issue any curative instructions with respect to its instructions on the comparative fault questions. *See id.* ("a new trial should ordinarily be granted unless the error is cured by withdrawal of the defective instruction").

Since the jury was asked to determine the comparative fault question but was not informed of the effect of its answers to the comparative fault question as required by Rule 49.01(2), we cannot conclude the district court abused its discretion by granting the motion for a new trial.

### 3. Collateral Sources

 The parties dispute whether evidence of collateral source recoveries was improperly presented to the jury. This issue only can be resolved by review of the trial transcript which was not provided to this court. *Cf. Brown v. First Growth, Inc.,* 386 N.W.2d 794, 797 (Minn.Ct.App. 1986) (the "failure to provide a transcript makes meaningful review impossible"). Since the absence of a transcript renders meaningful review impossible this issue cannot be considered or decided on appeal.

After the completion of briefing respondent moved this court to accept a supplemental record and requested this court to direct the trial court to approve a supplemental record. Halla Nursery, Inc.'s motion is untimely. Halla Nursery, Inc. should have timely ordered a transcript of relevant portions of the record or timely proceeded pursuant to Minn.R.Civ.App.P. 110.03 or 110.04. This court has not received the trial court's approval of a supplemental record. Halla Nursery, Inc.'s motion for acceptance of a supplemental record is denied.

### DECISION

The jury may consider Halla Nursery's negligence if the nursery's negligence contributed to the accounting firm's alleged failure to perform its contractual duties. If the jury determines contributory negligence issues, it also should be instructed with respect to comparative negligence and informed of the effect of its answers to the comparative fault questions as required by Rule 49.01(2). The district court did not abuse its discretion by granting a new trial on the issue of liability. Halla Nursery's untimely motion to supplement the record is denied.

AFFIRMED.