Kinkadb, J.
 

 This is an action to restrain, by injunction, the city of Cincinnati from acquiring certain property on which to erect a fire engine house, and from, erecting and operating such fire engine house, with its usual and necessary equipment. The Common Pleas Court sustained a demurrer to the
 
 *137
 
 amended petition of plaintiff, and dismissed the action. The Court of Appeals reversed and remanded the case. The city prosecutes error here, as a matter of right. The defendant in error moves to dismiss, on the ground that the case presents no debatable constitutional question, and on the further ground that the judgment of the Court of Appeals is not a final order.
 

 We see no merit in the claim that the judgment, of reversal by the Court of Appeals is not a final order. The grounds of reversal by the Court of Appeals were not set out in its journal entry, other than to state that the action of the Court of Common Pleas in sustaining the demurrer to the amended petition, on the ground that it did -not state a cause of action, was erroneous.
 

 The amended petition set forth that paragraph 7 of the zoning ordinance, under which the city claimed to act, was unconstitutional and violative of both the state and federal Constitutions in several respects set forth. ,
 

 The case is properly before this court as a matter of right.
 

 We see nothing violative of either the state or the federal Constitution in paragraph 7 of zoning ordinance No. 452-19, which exempts the city, so far as the erection of its own municipal buildings is concerned, from the restrictions as to character of buildings which may be erected within the restricted zone. It might well be said that paragraph 7 of the ordinance was not at all necessary in order to clothe the city with the power to acquire property upon which to erect necessary public buildings in the restricted residential zone. It is contended by the defendant
 
 *138
 
 in error that, if the city may rightfully build and operate an engine house at the point selected, then the city might construct and operate a slaughter house or a pest house, where persons afflicted with highly dangerous contagious diseases would be housed and treated, or might erect any other structure, no matter how much of a nuisance it may be to persons living near thereto, and quite regardless as well of the extent to which the city might thereby damage private property.
 

 We are not impressed that this argument is sound. A fire engine house is not a nuisance in any sense, any more so than is a police station, a waterworks pumping station, or a city hall and office building. The right, and the- duty, as well, to exercise good faith in the furtherance of good municipal government, cannot be enjoined by the courts because there exists a possibility that such power may be abused by the duly elected or appointed representatives of the city. It is not claimed, and, of course, could not be claimed, that the city is acting in bad faith and with the malicious intent to injure the property of the defendant in error. The charge is that it is not necessary for the city to erect and operate the engine house at the particular point chosen by the city, and it is averred that it would serve equally well the purposes of the city if it were located at any one of several places designated by the defendant in error, and that, if so located, it would do less damage to the property of the defendant in error, which is only another way of saying that the court should substitute its judgment for that of the chosen representatives of the city in the matter of locating the city’s municipal buildings.
 

 
 *139
 
 The Common Pleas Court was quite correct in sustaining the demurrer and dismissing the action. The judgment of the Court of Appeals will be reversed, and that of the Common Pleas affirmed.
 

 Judgment of the Court of Appeals reversed and that of the Common Pleas affirmed.
 

 Day, Allen, Robinson, Jones and Matthias, JJ., concur.