By the Court
 

 (Weygandt, C. J.).
 

 A study of the pleadings, the briefs and the oral arguments of counsel plainly requires not only an overruling of the motion but also a denial of the peremptory writ and a dismissal of the petition.
 

 It is conceded that the respondent is charged with the statutory (Section 7595, General Code) duty of distributing the state educational equalization fund. It is also undisputed that the relators are in need of financial assistance in the operation of their schools. However, it likewise appears that 848 other school districts in various sections of the state of Ohio have filed with the respondent their applications for participation in the fund, and that the total amount of money requested is greatly in excess of that available. Furthermore it appears that two allotments have already been made to the relators.
 

 Under Section 12283, General Code, mandamus is a writ issued in the name of the state to an inferior
 
 *57
 
 tribunal, a corporation, board or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station. No citation of authority is required to the effect that the writ may not be used for the purpose of simply substituting the discretion of a judicial tribunal for that of an administrative officer in the exercise of his authority.
 

 To assume jurisdiction under the circumstances of the instant case it would be necessary for this court to undertake a determination of the various needs of each one of the 849 school districts, and to then make a division of available funds. To attempt such a course of action would require nothing less than that this court should serve as director of education — manifestly an impossibility.
 

 Motion overruled and writ denied.
 

 Day, Allen, Stephenson, Jones and Matthias, JJ., concur.
 

 Beyes, J., not participating.