REFRESHMENT SERVICES COMPANY, INC., APPELLEE, *v.*
CITY OF CLEVELAND ET AL., APPELLANTS.
. CITY OF CLEVELAND, APPELLEE, *v.*
REFRESHMENT SERVICES COMPANY, INC., APPELLANT.

[Cite as Refreshment Services Co. v. Cleveland (1980),
63 Ohio St. 2d   89.]

(Nos. 79-630 and 79-716—Decided July 9, 1980.)

*Bernard & Haffey Co., L.P.A.,* and *Mr. J. Ross Haffey, Jr.,* for appellee and appellant Refreshment Services Company, Inc.

*Mr. Thomas E. Wagner,* director of law, and *Mr. Mark J. Valponi,* for appellant and appellee city of Cleveland.

*Per Curiam.*

## I.

The fundamental issue presented by case No. 79-630 is whether the city of Cleveland terminated its concession contract with Refreshment Services in accordance with the termination procedure set forth in that agreement. Article XXVIII of the contract provides that the "city shall have the right to terminate this concession agreement at any time on thirty (30) days written notice to concessionaire if and when by resolution of the board of control the city determines such termination is in the public interest."

It was the Court of Appeals' conclusion that the city's termination of the contract was invalid primarily because the evidence failed to indicate that a good faith termination was

made in the public interest. The city argues that the termination of the contract was a discretionary act by the city, expressly authorized by the contract, which is entitled to a presumption of good faith.

Paragraph one of the syllabus in *Cincinnati* v. *Wegehoft* (1928), 119 Ohio St. 136, 162 N.E. 389, states:

"The courts will not restrain, by injunction, the duly elected or appointed officials of a municipality, who are duly empowered by the municipality to select and acquire sites for and to erect thereon municipal buildings, from carrying out such conferred power where there is no gross abuse of discretion or bad faith on the part of such officers, claimed or established."

In *State, ex rel. Shafer,* v. *Ohio Turnpike Comm.* (1953), 159 Ohio St. 581, 590, 113 N.E. 2d 14, this court acknowleged that "***in the absence of evidence to the contrary, public officers, administrative officers and public boards, within the limits of the jurisdiction conferred by law, will be presumed to have properly performed their duties and not to have acted illegally but regularly and in a lawful manner. All legal intendments are in favor of the administrative action. 42 American Jurisprudence, 680, Section 240; *Bloch* v. *Glander, Tax Commr.,* 151 Ohio St., 381, 86 N.E. (2d), 318; *State, ex rel. Gerspacher,* v. *Coffinberry et al., Industrial Commission,* 157 Ohio St., 32, 104 N.E. (2d), 1; *Wheeling Steel Corp.* v. *Evatt, Tax Commr.,* 143 Ohio St., 71, 54 N.E. (2d), 132."

Article XXVIII of the concession contract conferred upon the city's board of control the discretion to terminate the agreement when the board, by resolution, determined that the contract was no longer in the public interest. In accordance with Article XXVIII of the contract, the board of control determined that it was in the public interest to terminate the concession agreement and approved a resolution to that effect. A review of the four corners of the contract does not demonstrate that Refreshment Services' rights were abridged by this administrative action. Furthermore, the presumption that the discretionary action by the board was in good faith has not been rebutted. Under such circumstances, a court will not substitute its judgment for that of the administrative officials. *E.g., Cincinnati* v. *Wegehoft,*

*supra; State, ex rel. Shafer,* v. *Ohio Turnpike Comm., supra; State, ex rel. Christman,* v. *Skinner* (1933), 127 Ohio St. 55, 186 N.E. 738.

The city contends that, under Civ. R. 41(A)(1)(a), the trial and resolution of one count of a multiple count action does not preclude a plaintiff from voluntarily dismissing the remaining counts prior to the commencement of trial thereon. Thus, it is argued that the trial court did not err when it granted the city's motion to strike the supplemental complaint and counterclaim filed by Refreshment Services, as such filing occurred after the remaining claims in that action had been properly dismissed.

In our judgment, the city's voluntary dismissal of the remaining counts of its action against Refreshment Services was ineffectual, and the trial court should not have granted the city's motion to strike. Civ. R. 41(A)(1)(a) permits the voluntary dismissal of an action if the plaintiff files "a notice of dismissal at any time before the commencement of the trial." The city's voluntary dismissal was filed after the trial court had consolidated the claims for injunctive relief, conducted a hearing on these claims, and denied the city's request for an injunction. In its judgment entry of March 7, 1978, the trial court expressly retained jurisdiction of the cause to dispose of the unresolved claims for damages. Therefore, on March 8, 1978, when the city filed its purported dismissal of its pending damage claims, a trial on the city's *action* had already commenced within the meaning of Civ. R. 41(A)(1)(a). The fact that the trial court bifurcated the action for resolution does not in and by itself warrant the treatment of each count as a separate action. See R. C. 2307.01 and 2307.02; R. C. 2311.01; Civ. R. 2; 24 American Jurisprudence 2d 4, 5, Section 1.

Accordingly, the judgment of the Court of Appeals in case No. 79-630 is reversed in part and affirmed in part. The cause is remanded for further proceedings not inconsistent with this opinion.

II.

In case No. 79-716, Refreshment Services asserts that the Court of Appeals erroneously held that the trial court's is-

suance of the preliminary injunction was not a final appealable order. It is argued that the determination of appealability is governed by R. C. 2505.02,[1] and because the decision of the trial court affected a substantial right and determined the action, the court's entry was a final appealable order.

A review of the judgment of the trial court demonstrates that the court did not determine the action so as to prevent a judgment within the meaning of R. C. 2505.02. To the contrary, the court in its judgment entry stated, "[t]he court retains jurisdiction of the remaining claims of the complaint and counterclaim." In its memorandum of opinion, the court stated also that the other portions of the case would be decided at subsequent hearings. During these hearings, the court possessed the right, under Civ. R. 54(B), to revise its judgment entry "at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."[2] Thus, the Court of Appeals properly dismissed the appeal as it is clear that the action was not determined so as to prevent a judgment but was in actuality still pending in the lower court.

Accordingly, the judgment of the Court of Appeals in case No. 79-716 is affirmed.

---

[1] R. C. 2505.02 provides, in part:

"An order affecting a substantial right in an action which in effect determines the action and prevents a judgment, an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order vacating or setting aside a judgment and ordering a new trial is a final order which may be reviewed, affirmed, modified, or reversed, with or without retrial."

[2] Civ. R. 54(B) provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

*Judgment affirmed in part*
*and reversed in part in*
*case No. 79-630.*

*Judgment affirmed in*
*case No. 79-716.*

CELEBREZZE, C. J., HERBERT, BELL, P. BROWN, SWEENEY and LOCHER, JJ., concur.

HOLMES, J., dissents in case No. 79-630 and concurs in case No. 79-716.

BELL, J., of the Ninth Appellate District, sitting for W. BROWN, J.