{¶ 15} The majority's conclusion, that the "mere filing of the notice of dismissal * * * completely divests the [trial] court of jurisdiction[,]" is true as a general proposition of law. But that general rule is true only if the notice was properly filed in the first place. Because the record suggests that Mary Ann did not properly file her notice of voluntary dismissal and because she did not provide a complete record to allow for a resolution of that crucial issue, I would affirm the decision of the trial court. I therefore respectfully dissent.
 {¶ 16} Relevant here, Civ.R. 41(A)(1)(a) allows dismissals only "before the commencement of trial[.]" There is evidence in the record to suggest that "a trial on the * * * action had already commenced within the meaning of Civ.R. 41(A)(1)(a)." Refreshment Services Co. v.Cleveland (1980), 63 Ohio St.2d 89, 93. See, also, O'Neill v. O'Neill
(Sept. 14, 1995), Cuyahoga App. No. 67537. Specifically, the docket shows that a hearing was scheduled for May 4, 2001, which was two and a half months before Mary Ann filed her notice of voluntary dismissal. If this hearing was on the merits, and not merely a preliminary hearing, then "a trial on the * * * action had already commenced within the meaning of Civ.R. 41(A)(1)(a)[,]" Refreshment Services at 93, and the trial's commencement would have rendered Mary Ann's notice of voluntary dismissal invalid.
 {¶ 17} Again, the record is not complete. The docket does not confirm that May 4, 2001 hearing was actually held. On the other hand, the magistrate's decision, which included findings of fact and conclusions of law, makes mention of a hearing held on May 4, 2001. Whether that hearing was on the merits remains unclear, however, since the magistrate's decision to dismiss the matter with prejudice is based on the magistrate's finding of a lack of service.
 {¶ 18} In any event, Mary Ann's failure to provide a complete record requires this court to defer to the trial court's decision. Knappv. Edwards Laboratories (1980), 61 Ohio St.2d 197. Without knowing whether the May 4, 2001 hearing was on the merits or not, i.e., without knowing whether a trial had commenced, the majority is merely speculating that Mary Ann's dismissal was properly filed.
 {¶ 19} By its decision today, the majority has prolonged yet again a matter that has already gone on far too long and it has done so without the benefit of a complete record.
 {¶ 20} I therefore respectfully dissent.