SCHWERING ET AL. *v.* TRW VEHICLE SAFETY SYSTEMS, INC., ET AL.

[Cite as *Schwering v. TRW Vehicle Safety Sys., Inc.,*

132 Ohio St.3d 129, 2012-Ohio-1481.]

*Civil procedure—Voluntary dismissal—A plaintiff may not voluntarily dismiss a claim without prejudice pursuant to Civ.R. 41(A)(1)(a) when a trial court declares a mistrial after the jury has been empaneled and the trial has commenced.*

(No. 2011-0438—Submitted November 15, 2011—Decided April 4, 2012.)

ON ORDER from the United States District Court for the Southern District of Ohio, Western Division, Certifying a Question of State Law, No. 1:10-CV-679.

_____

SYLLABUS OF THE COURT

A plaintiff may not voluntarily dismiss a claim without prejudice pursuant to Civ.R. 41(A)(1)(a) when a trial court declares a mistrial after the jury has been empaneled and the trial has commenced.

_____

LANZINGER, J.

{¶ 1}   In this case, we decide whether a plaintiff is permitted to unilaterally dismiss a lawsuit without prejudice pursuant to Civ.R. 41(A)(1)(a) after a declaration of mistrial.

{¶ 2}   Pursuant to S.Ct.Prac.R. XVIII, we have accepted an issue certified by the United States District Court for the Southern District of Ohio, Western Division: "Where a jury has been empaneled and sworn and the trial has commenced for purposes of Ohio Civ.R. 41(A)(1)(a), and the trial court subsequently declares a mistrial, does Rule 41(A)(1)(a) permit the plaintiff to unilaterally voluntarily dismiss his or her claims without prejudice?"

**{¶ 3}** We answer the certified question in the negative.

I. Complaint Filed

**{¶ 4}** Kenneth Schwering was a passenger in a 2001 Ford Explorer Sport driven by his wife, Beverly Schwering. On December 28, 2002, the couple was involved in a traffic accident and the vehicle rolled over. Schwering and his wife were wearing seatbelts at the time of the accident, but she was killed, and he sustained injuries.

**{¶ 5}** On October 17, 2003, Schwering filed a complaint on his own behalf and as personal representative of his wife's estate in the Hamilton County Court of Common Pleas against Ford Motor Company and TRW Safety Systems, Inc., asserting products-liability and negligence claims. The complaint alleged that the design of the seatbelt system in the Explorer was unreasonably dangerous and that the system was defective, creating an unsafe condition that caused Schwering's wife's death and his own injuries.

**{¶ 6}** Over five years later, the case proceeded to trial. A jury was sworn in on May 28, 2009. Schwering called Steven Meyer, during his case-in-chief, as an expert witness on restraint systems. Meyer testified that he had tested an alternative design of the restraint system that would have prevented Beverly Schwering's death.

**{¶ 7}** Ford objected and moved to strike this testimony, arguing that Schwering had not disclosed that Meyer had tested an alternative design on the same model of car involved in the accident. Ford also argued that Meyer had deceived it and the court during earlier depositions by denying any recollection of having performed tests on a vehicle like the Schwerings' Explorer. The trial judge initially granted Ford's motion to strike and instructed the jury to disregard Meyer's testimony. Ford moved for a mistrial, contending surprise, undue prejudice, and discovery violations of Civ.R. 26(D) and (E). Schwering also moved for a mistrial, on the basis that the court's exclusion of the proffered

testimony prevented him from receiving a fair trial. On June 8, 2009, after the trial judge had reversed his ruling granting Ford's motion to strike, he declared a mistrial and scheduled preliminary proceedings for a retrial of the case. Before the second trial began, Schwering filed a notice of voluntary dismissal without prejudice pursuant to Civ.R. 41(A)(1)(a).

{¶ 8} In September 2010, Schwering filed a lawsuit in the United States District Court for the Southern District of Ohio, asserting the same products-liability and negligence claims against TRW and Ford on behalf of himself and his wife's estate.

{¶ 9} Ford and TRW filed motions to dismiss the federal action, arguing that Schwering's voluntary dismissal in the Hamilton County action did not occur "before the commencement of trial" as required by Civ.R. 41(A)(1)(a), and thus the dismissal could not have been "without prejudice." Schwering objected to the motions to dismiss, arguing that the mistrial rendered the first trial a nullity, permitting him to unilaterally dismiss the case without prejudice under Civ.R. 41(A)(1)(a) because trial had not yet "commenced."

{¶ 10} The federal court found no state law on whether the declaration of a mistrial reinstated the right to voluntarily dismiss claims without prejudice. As a result, the district court certified its question to this court, asking whether a plaintiff may voluntarily dismiss claims without prejudice pursuant to Civ.R. 41(A)(1)(a) when a trial court declares a mistrial after the jury has been empaneled and sworn and the trial has commenced for purposes of Civ.R. 41(A)(1)(a). We hold that a plaintiff may not voluntarily dismiss a claim without prejudice pursuant to Civ.R. 41(A)(1)(a) when a trial court declares a mistrial after the jury has been empaneled and trial has commenced.

## II. Legal Analysis

*A. Ohio and Federal Rules Differ*

{¶ 11} Since the adoption of the Ohio Rules of Civil Procedure, the dismissal of actions has been governed by Civ.R. 41. Civ.R. 41(A) provides for three types of voluntary dismissals: (1) by notice before the commencement of trial, (2) by stipulation of all parties, and (3) by court order. *Chadwick v. Barba Lou,* 69 Ohio St.2d 222, 225, 431 N.E.2d 660 (1982). The provision at issue in this case, Civ.R. 41(A)(1)(a), allows a plaintiff to voluntarily dismiss a claim without an order of the court by filing a notice of dismissal at any time before the commencement of trial.

{¶ 12} Civ.R. 41 reads:

(A) Voluntary dismissal: effect thereof

*(1) By plaintiff; by stipulation.* Subject to the provisions of Civ.R. 23(E), Civ.R. 23.1, and Civ.R. 66, a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by doing either of the following:

(a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant;

(b) filing a stipulation of dismissal signed by all parties who have appeared in the action.

Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court.

4

*(2) By order of court.* Except as provided in division (A)(1) of this rule, a claim shall not be dismissed at the plaintiff's instance except upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon that defendant of the plaintiff's motion to dismiss, a claim shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under division (A)(2) of this rule is without prejudice.

{¶ 13} In contrast, Fed.R.Civ.P. 41(a)(1)(A)(i) states that a plaintiff may dismiss an action without prejudice "by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Thus, a party who wishes to dismiss a federal case voluntarily must do so earlier in the proceedings than in an Ohio court. Under the federal rules, once the defendant files an answer or a motion for summary judgment, an action may be dismissed at the plaintiff's request only by court order. Fed.R.Civ.P. 41(a)(2)(A)(1)(a). In Ohio, a plaintiff has the ability to file a notice of dismissal at any time "before the commencement of trial." Civ.R. 41(A)(1)(a). By allowing plaintiffs to dismiss without prejudice at any point before the commencement of trial, Ohio's rule is more liberal than its federal counterpart.

{¶ 14} But Ford and TRW assert that because trial had already commenced in state court, Schwering could not have voluntarily dismissed his claims without prejudice without a court order pursuant to Civ.R. 41(A)(2). According to Ford and TRW, Schwering's voluntary dismissal of the claims against them operated as an adjudication on the merits, thus barring further action in federal court.

**{¶ 15}** Schwering, on the other hand, contends that the state court's declaration of a mistrial rendered the trial a nullity, thereby reviving his right to voluntarily dismiss his claims without prejudice under Civ.R. 41(A)(1)(a).

**{¶ 16}** Although we have not yet resolved this question, several Ohio courts of appeals have addressed the definition of "commencement of trial" and have held that "a civil trial commences when the jury is empaneled and sworn, or, in a bench trial, at opening statements." *Frazee v. Ellis Bros. Inc.,* 113 Ohio App.3d 828, 831, 682 N.E.2d 676 (5th Dist.1996). *Accord Douthitt v. Garrison,* 3 Ohio App.3d 254, 256, 444 N.E.2d 1068 (9th Dist.1981); *Great Seneca Fin. Corp. v. Emler*, 5th Dist. No. 05CA000030, 2005-Ohio-6465, ¶ 30, quoting *Frazee*. We agree and now hold that a civil trial commences when the jury is empaneled.

**{¶ 17}** Courts from other jurisdictions construing similar rules or statutes have examined the effect of a mistrial when a plaintiff attempts to voluntarily dismiss an action. The Minnesota Supreme Court has held that a "dismissal after a mistrial is 'before the trial begins,' because a mistrial is in legal effect no trial at all." *Bolstad v. Paul Bunyan Oil Co.,* 215 Minn. 166, 168, 9 N.W.2d 346 (1943). Similarly, after a trial court granted a mistrial and the plaintiff moved for voluntary dismissal, an Illinois appellate court interpreting that state's statute determined that if "a trial is set and commenced but, for some reason is cancelled, the right to absolute dismissal is still available." *Kilpatrick v. First Church of the Nazarene,* 177 Ill.App.3d 83, 87, 126 Ill.Dec. 508, 531 N.E.2d 1135 (1988). *See also Phelps v. Winona & St. Peter Ry. Co.,* 37 Minn. 485, 489, 35 N.W. 273 (1887) (when a new trial has been granted and the verdict set aside, a plaintiff has the right to dismiss his action as if no trial had occurred).

**{¶ 18}** Ford argues, however, that evidentiary rulings established in a trial in which a mistrial was declared are routinely applied by Ohio courts in a second trial. *See State v. Harris,* 6th Dist. No. L-83-223, 1984 WL 7878 (May 11, 1984)

("When a mistrial is granted the defendant is only entitled to a new trial. The mistrial had no effect on the prior motion to suppress. The appellant was not entitled to refile a motion to suppress"); *State v. Anderson,* 7th Dist. No. 03MA252, 2006-Ohio-4618, ¶ 46 (after a mistrial was granted because of the violation of a ruling on a motion in limine, a defendant should have been allowed to rely on a consistent evidentiary ruling on that same issue at the second trial); *Cleveland v. Cleveland Elec. Illum. Co.,* 538 F.Supp. 1328, 1332 (N.D.Ohio 1981) (after a mistrial, a trial court determined that based on the law-of-the-case doctrine, several dispositive rulings of the court issued prior to and during the first trial governed in the subsequent retrial).

{¶ 19} We agree that it would be incongruous to recognize evidentiary rulings established during a first trial, while at the same time holding that the first trial never "commenced" for purposes of Civ.R. 41(A).

*B. Policy Reasons Behind the Rule.*

{¶ 20} This court has explained that Civ.R. 41(A)(1)(a)'s "commencement of trial" language was adopted to prevent a situation in which parties could try and retry their causes indefinitely until the most favorable circumstances for submission were finally achieved. *Frysinger v. Leech,* 32 Ohio St.3d 38, 42, 512 N.E.2d 337 (1987), quoting *Beckner v. Stover*, 18 Ohio St.2d 36, 40, 247 N.E.2d 300 (1969). In *Beckner,* we expressly cautioned against a rule whereby the plaintiffs "could substitute a voluntary dismissal without prejudice for an appeal from claimed errors occurring during a trial." *Id.* Further elaborating on the purpose of Civ.R. 41, the Eighth District Court of Appeals has noted that "Civ.R. 41 was written to abolish the broad liberty given to plaintiffs under R.C. 2323.05(A), which allowed plaintiffs to dismiss any number of times so long as the statute of limitations had not run." *Olynyk v. Andrish,* 8th Dist. No. 86009, 2005-Ohio-6632, 2005 WL 3436343, ¶ 14. Ohio's rule is more liberal than the federal rule, because it gives a plaintiff more time to voluntarily dismiss

without prejudice. The federal rule allows voluntary dismissal without prejudice only before the opposing party serves either an answer or a motion for summary judgment. Ohio's rule, however, still has its limitations.

*C. Express Language of Ohio's Rule.*

{¶ 21} Civ.R. 41(A)(1)(a) does not refer to a mistrial, and there is no authority to insert a mistrial exception into the voluntary-dismissal rule. The Rules of Civil Procedure are to be "construed and applied to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice," Civ.R. 1(B), and liberal construction rather than technical interpretation is to be emphasized, 1970 Staff Notes, Civ.R. 1(B). The commencement of trial cuts off a plaintiff's ability to unilaterally dismiss claims without prejudice. After trial has commenced, a plaintiff may dismiss without prejudice only by stipulation of all parties (Civ.R. 41(A)(1)(b)) or by order of the trial court (Civ.R. 41(A)(2)). Adherence to these rules results in the orderly administration of justice by preventing plaintiffs from dismissing multiple times without prejudice.

{¶ 22} We have described the combination of Civ.R. 41(A)(1) and (A)(2) as a mechanism that prevents the possibility of plaintiffs' abusing the system by trying and retrying their cases indefinitely. *Chadwick*, 69 Ohio St.2d at 229, 431 N.E.2d 660. If a plaintiff can unilaterally dismiss an action and start over after trial commences, other parties will be prejudiced. A plaintiff may still request a dismissal during trial but may not do so unilaterally. As we have observed, "After commencement of trial the plaintiff must have the concurrence to the withdrawal of all other parties (dismissal by stipulation), or subject himself to the court's discretion by moving for a court-ordered dismissal pursuant to Civ.R.41(A)(2)." *Id*. Once trial begins, the trial court is the gatekeeper, ensuring that dismissal does not prejudice other parties and occurs "upon such terms and conditions as the court deems proper." Civ.R. 41(A)(2). This rule allows the trial court to

determine the conditions to impose to protect the other parties and to ensure that they are not prejudiced upon refiling. Therefore, while Civ.R. 41(A)(1)(a) does not permit a unilateral voluntary dismissal without prejudice once trial has begun, the trial court, in its discretion, may allow a plaintiff to dismiss pursuant to Civ.R. 41(A)(2).

### III. Conclusion

{¶ 23} We therefore answer the certified question with a no. A plaintiff may not voluntarily dismiss a claim without prejudice pursuant to Civ.R. 41(A)(1)(a) when a trial court declares a mistrial after the jury has been empaneled and the trial has commenced.

So answered.

O'CONNOR, C.J., and LUNDBERG STRATTON, O'DONNELL, CUPP, and MCGEE BROWN, JJ., concur.

PFEIFER, J., concurs in judgment only.

_____

Barron, Peck, Bennie & Schlemmer, Arthur H. Schlemmer, Michael S. Barron, and Charles L. Hinegardner; Denney & Barrett, P.C., Richard L. Denney, and Lydia JoAnn Barrett; and Eynon Law Group, P.C., Richard S. Eynon, and David M. Brinley, for respondents.

Thompson Hine, L.L.P., Gary M. Glass, and Elizabeth B. Wright; and Frost Brown Todd, L.L.C., and Kevin C. Schiferl, for petitioner Ford Motor Company.

Squire, Sanders & Dempsey, L.L.P., Damond R. Mace, and Aaron T. Brogdon, for petitioner TRW Vehicle Safety Systems, Inc.

_____