**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0100n.06

No. 12-3725

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

*Jan 29, 2013*

DEBORAH S. HUNT, Clerk

KENNETH M. SCHWERING, Individually )
and as Personal Representative of the Estate )
on behalf of Beverly D. Schwering, )
 )
    Plaintiff-Appellant, )    ON APPEAL FROM THE
 )    UNITED STATES DISTRICT
v. )    COURT FOR THE SOUTHERN
 )    DISTRICT OF OHIO
TRW VEHICLE SAFETY SYSTEMS, INC.; )
FORD MOTOR COMPANY, INC., )
 )
    Defendants-Appellees. )
 )

BEFORE:  BOGGS and WHITE, Circuit Judges; MCCALLA, Chief District Judge.[*]

PER CURIAM.  Kenneth M. Schwering appeals a district court order dismissing his complaint in a diversity tort action seeking damages for his injuries and his wife's death in a motor vehicle accident in 2002.

Schwering filed a complaint against the defendants in an Ohio state court in 2003.  Trial eventually commenced in 2009, but a mistrial was declared after a dispute arose over the admissibility of the testimony of one of Schwering's expert witnesses.  Before a new trial was scheduled, Schwering voluntarily dismissed his complaint.  He filed a new complaint raising the same claims in the federal district court in 2010.  Defendants moved to dismiss on the ground that

_____

[*]The Honorable Jon Phipps McCalla, Chief United States District Judge for the Western District of Tennessee, sitting by designation.

Schwering's voluntary dismissal of the state action was on the merits, as it was filed after a trial on the complaint had commenced, pursuant to Ohio Rule of Civil Procedure 41(B)(3). Schwering responded that the mistrial rendered the original trial a nullity, so that he was permitted to dismiss his action voluntarily without prejudice under Ohio Rule of Civil Procedure 41(A)(1)(a). Finding no state-law authority on the issue whether a voluntary dismissal without prejudice could be filed following a mistrial, the district court certified the question to the Ohio Supreme Court with the consent of the parties. The Ohio Supreme Court answered the certified question in the negative, concluding that, because a trial had commenced, the option to file a voluntary dismissal without prejudice was no longer available.[1] *Schwering v. TRW Vehicle Safety Sys.,Inc.*, 970 N.E.2d 865, 870 (Ohio 2012). Schwering then moved the district court to disregard the Ohio Supreme Court's ruling. The defendants renewed their motions to dismiss. The district court denied Schwering's motion and granted defendants' motions, dismissing the complaint. On appeal, Schwering argues that the district court should not have followed the ruling of the Ohio Supreme Court because it denied him his right to a jury trial.

A federal court sitting in diversity is required to follow the law of the state's highest court. *Mich. First Credit Union v. CUMIS Ins. Soc., Inc.*, 641 F.3d 240, 251–52 (6th Cir. 2011); *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 719 (6th Cir. 1994). Particularly where a federal court

---

[1]We note that the Ohio Supreme Court held only that voluntary dismissal under Ohio Rules of Civil Procedure 41(A)(1)(a) was not available to Schwering after the trial commenced. *Schwering*, 970 N.E.2d at 869–70 (observing that, after trial commences, a plaintiff "must have the concurrence to the withdrawal of all other parties (dismissed by stipulation), or subject himself to the court's discretion by moving for a court-ordered dismissal pursuant to [Ohio] Civ. R. 41(A)(2).") We express no opinion on the present legal status of Schwering's case in the Ohio courts.

has certified a question of state law to the state supreme court, it cannot then disregard the state

court's decision.  *Grover*, 33 F.3d at 719.  Although Schwering argues that he has a Seventh

Amendment right to a jury trial in the federal court, that is not the case where he initially chose to

file his complaint in the state court.

Accordingly, we affirm the district court's order of dismissal.