[Cite as *Estate of Brummitt v. Ohio Mut. Ins. Group*, 2017-Ohio-8507.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

| | |
|---|---|
| The Estate of Faye Brummitt, Deceased, et al. | Court of Appeals No. E-17-014 |
| | Trial Court No. 2016-CV-0716 |
| Appellant | |
| v. | |
| Ohio Mutual Insurance Group, etc. | **DECISION AND JUDGMENT** |
| Appellee | Decided: November 9, 2017 |

* * * * *

Florence J. Murray, Dennis E. Murray, Sr., Donna J. Evans
and Joseph A. Galea, for appellant.

D. Wesley Newhouse, William H. Prophater, Jr. and Michael S.
Kolman, for appellee.

* * * * *

**SINGER, J.**

{¶ 1} This case is before the court on the appeal of appellant, Estate of Faye

Brummitt, from the March 17, 2017 judgment of the Erie County Court of Common Pleas,

granting summary judgment to appellee, Ohio Mutual Insurance Group ("OMIG"). For the reasons that follow, we affirm the trial court's judgment.

## Assignment of Error

{¶ 2} Appellant sets forth the following assignment of error:

In its March 17, 2017 Judgment Entry (the "Judgment") the trial court erred in determining that, in a previously filed case [*Brummitt, et al. v. Seeholzer, et al.*, 2011-CV-0626 ("*Brummitt I*")] wherein that court ordered bifurcation of two separate causes of action (one for negligence and the other for insurance bad faith) against two separate defendants (the negligent driver and the decedent's UIM carrier) that the Plaintiff/ Appellant, The Estate of Faye Brummitt, had no right to voluntarily dismiss her second cause of action , against her UIM carrier for bad faith misconduct, under Civ.R. 41(A)(1)(a) without prejudice after the first trial concluded with a jury trial verdict awarding damages to the Estate against the negligent driver. The first jury trial was for injuries caused by the negligence of the underinsured motorist defendant. The second trial was against the Estate's decedent's UIM carrier, Ohio Mutual Insurance Company DBA Ohio Mutual Insurance Group ("OMIG"), for insurance company bad faith misconduct. The first cause *Brummitt I*, upon motion of OMIG was bifurcated by court order to require that the two causes of action be tried separately. The trial court's March 17, 2017 Judgment erroneously held that the first jury trial by the

2.

Plaintiff/Appellant, for her injuries at the hands of a negligent underinsured driver, had also commenced the cause of action for the second jury trial, for bad faith, thereby prohibiting her Estate from voluntarily dismissing her Bad Faith claim without prejudice under Civ.R. 41(A)(1)(a) prior to the commencement of that trial. According to the trial court, the Estate's dismissal was not without prejudice because the second jury trial to include bad faith against OMIG had already commenced with the first jury trial for damages thus converting her attempted voluntary dismissal into a dismissal with prejudice as to OMIG.

### Background Facts

{¶ 3} The facts of this case are fully set forth in *Brummitt v. Seeholzer*, 6th Dist. Erie No. E-13-035, 2015-Ohio-71. The facts relevant to this appeal follow.

{¶ 4} On September 25, 2010, Faye Brummitt and her husband, Bobby Brummitt, and Bobby's brother and sister-in-law, Willard and Vicky Brummitt ("the Brummitts") were traveling in a vehicle when a vehicle driven by Dylan Seeholzer ran a stop sign and a collision occurred. The Brummitts all suffered serious injuries, and Vicky died. Six months after the accident, Faye was diagnosed with cancer and died one month later.

{¶ 5} At the time of the accident, Bobby and Faye Brummitt had uninsured/underinsured motorists ("UIM") benefits through OMIG, with a limit of $500,000.

3.

## Procedural History

{¶ 6} In September 2011, Bobby Brummitt, individually and as executor of the Estate of Faye Brummitt, filed a complaint in the Erie County Court of Common Pleas, being case No. 2011-CV-0626, against Seeholzer for negligence and loss of consortium. He also sought a declaratory judgment that he was entitled to UIM and medical benefits from OMIG, and further alleged that OMIG failed to negotiate the payment of UIM and medical benefits in good faith. In December 2012, an amended complaint was filed.

{¶ 7} OMIG filed a motion to bifurcate, pursuant to Civ.R. 42(B), and to stay discovery on the bad faith claim. The trial court granted the motion and ordered that the damages issue be tried first, and the bad faith claims be tried later.

{¶ 8} A trial was held on the damages issue in April 2013, and the jury awarded damages in favor of Bobby Brummitt, individually and as executor of the Estate of Faye Brummitt. The trial court, in its May 23, 2013 judgment entry, included Civ.R. 54(B) language, stating there was no just reason for delay as the bad faith claims remained pending. Bobby Brummitt, individually and as executor of the Estate of Faye Brummitt, filed a motion for a new trial or, alternatively, for additur; the motion was denied. An appeal was taken wherein it was alleged, inter alia, that the trial court erred when it bifurcated the damages portion of the case from the bad faith claims. *Brummitt*, 6th Dist. Erie No. E-13-035, 2015-Ohio-71, ¶ 18. We found, inter alia, the trial court did not abuse its discretion when it bifurcated for trial the breach of contract and bad faith claims. *Id.*

4.

We affirmed the trial court's judgment. *Id.* The matter returned to the trial court for further proceedings on the bad faith claims.

{¶ 9} On December 3, 2015, a "Notice of Voluntary Dismissal as to Plaintiff, Estate of Bobby J Brummitt, Only" was filed which set forth "[t]he Estate of I. Faye Brummitt, Bobby Brummitt Executor hereby voluntarily dismisses only the Estate's bad faith cause of action against Ohio Mutual Insurance Group." In January 2016, a jury trial commenced on Bobby Brummitt's bad faith claim against OMIG, and the jury returned a verdict in his favor. OMIG filed an appeal, case No. E-16-020, which remains pending.

{¶ 10} On November 15, 2016, appellant filed a class action complaint in the trial court, case No. 2016-CV-0716, against OMIG. In December 2016, OMIG filed a motion to dismiss or in the alternative a motion for summary judgment. On March 17, 2017, the trial court granted summary judgment to OMIG; appellant appealed.

## Assignment of Error

{¶ 11} Appellant contends the trial court erred when it granted summary judgment to OMIG and determined the estate could not voluntarily dismiss the bad faith claim without prejudice under Civ.R. 41(A)(1)(a) because the first jury trial on the issue of damages also commenced the second jury trial for bad faith.

## Standards

{¶ 12} Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as

5.

a matter of law. Civ.R. 56(C). *Accord Lopez v. Home Depot, USA, Inc.*, 6th Dist. Lucas No. L-02-1248, 2003-Ohio-2132, ¶ 7. A court determines questions of law. *Maynard v. B. F. Goodrich Co.*, 144 Ohio St. 22, 25, 56 N.E.2d 195 (1944).

{¶ 13} We review a trial court's summary judgment decision on a de novo basis. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Accordingly, we undertake our own independent examination of the record and make our own determination of whether the moving party is entitled to summary judgment. *Dupler v. Mansfield Journal*, 64 Ohio St.2d 116, 119-120, 413 N.E.2d 1187 (1980).

{¶ 14} Moreover, the interpretation of a civil rule presents a question of law, which is reviewed de novo. (Citation omitted.) *Gumins v. Ohio Dept. of Rehab. & Correction*, 10th Dist. Franklin No. 10AP-941, 2011-Ohio-3314, ¶ 11.

### Analysis

{¶ 15} OMIG sought summary judgment against appellant because appellant voluntarily dismissed the bad faith claim after a jury trial commenced, thus the dismissal was on the merits pursuant to Civ.R. 41(B)(3). In support of its positon, OMIG cited to several cases including *Schwering v. TRW Vehicle Safety Sys., Inc.*, 132 Ohio St.3d 129, 2012-Ohio-1481, 970 N.E.2d 865 and *Schwering v. TRW Vehicle Safety Sys.*, S.D. Ohio No. 1:10-CV-679, 2012 U.S. Dist. LEXIS 68904 (May 17, 2012).

### Trial Court's March 17, 2017 Judgment

{¶ 16} The trial court granted OMIG's motion for summary judgment. In relevant part, the court set forth:

6.

11. The issue in this case boils down to interpretation of Civ. R. 41(A)(1)(a) and the phrase "commencement of trial." More particularly, how that phrase is applied with respect to a case where the Trial has been bifurcated:

* * *

23. * * * It does appear that in Ohio, once any aspect of a claim has connected to trial, the Plaintiff no longer has the right or ability to voluntarily dismiss pursuant to Civ. R. 41 (A) (1) (a). This appears to be the case even when claims have been bifurcated. * * * Here, Plaintiff tried to conclusion, received a verdict, and an appeal was taken, of the compensatory damages and entitlement to UIM benefits. The voluntary dismissal was filed as to the remaining Bad Faith Claim. Bobby Brummitt continued to litigate, to verdict, the Bad Faith Claim;

24. This Court is compelled by what little case law exists in Ohio to conclude that the voluntary dismissal was ineffective under Civ. R. 41(A)(1)(a). As such, there is no other provision for the dismissal of Plaintiff's Bad Faith Claim. The "catchall" provision of Civ. R. 41(B)(3) states that any dismissal not provided for in this rule operates as an adjudication upon the merits unless the Court, in its order of dismissal, otherwise specifies. This Court did not dismiss Plaintiff's claims (and the Notice of Dismissal did not state that the case was not an adjudication on the merits or without prejudice);

* * *

27. Dismissal at this stage * * * is not only compelled but practically prudent. * * * For the sake of judicial economy and conservation of the parties' resources, bringing final resolution to this legal issue now will begin clarity and finality sooner rather than later.

* * *

IT IS FURTHER ORDERED that this action is DISMISSED with Prejudice.

## The Dismissal Rule, Civ.R. 41

{¶ 17} Civ.R. 41(A) provides in relevant part:

Voluntary dismissal; Effect thereof.

(1) By plaintiff; By stipulation. Subject to the provisions of Civ.R. 23(E), Civ.R. 23.1, and Civ.R. 66, a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by doing either of the following:

(a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant;

(b) filing a stipulation of dismissal signed by all parties who have appeared in the action.

Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as

an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court.

(2) By order of court. Except as provided in division (A)(1) of this rule, a claim shall not be dismissed at the plaintiff's instance except upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon that defendant of the plaintiff's motion to dismiss, a claim shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under division (A)(2) of this rule is without prejudice.

(B) Involuntary dismissal; Effect thereof.

* * *

(3) Adjudication on the merits; Exception. A dismissal under division (B) of this rule and any dismissal not provided for in this rule, except as provided in division (B)(4) of this rule, operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies.

**Bifurcation**

{¶ 18} Civ.R. 42(B) provides:

For convenience, to avoid prejudice, or to expedite or economize, the court may order a separate trial of one or more separate issues, claims, cross-

claims, counterclaims, or third-party claims.  When ordering a separate trial, the court shall preserve any right to a jury trial.

{¶ 19} "Bifurcation is used to separate claims or issues within an action."  *Orman v. MortgageIT*, E.D.Pa. No. 11-3196, 2012 U.S. Dist. LEXIS 44760, *32-33 (Mar. 30, 2012).

Black's Law Dictionary does not define the stand-alone "bifurcation." Tellingly, readers must look to "trial" and its sub-entry, "bifurcated trial." *See Black's Law Dictionary* 1510.  "Bifurcated trial" is defined as "[a] trial that is divided into two stages, such as for guilt and punishment or for liability and damages."  *Id*.  Thus, "bifurcation" implies a single action or case that is handled in multiple phases, usually for efficiency or fairness' sake.  Though the phases are handled separately, the results are still dependent.  For example, when a single case is bifurcated into a trial on liability and a trial on damages, the damages phase becomes moot if the first phase concludes there was no liability.  *Brown v. Tax Ease Lien Invests., LLC*, 77 F.Supp.3d 598, 604 (W.D.Ky.2015).

{¶ 20} We acknowledged bifurcated trials consist of portions or phases.  *See Kmotorka v. Wylie*, 6th Dist. Wood Nos. WD-11-018, WD-11-026, 2013-Ohio-321, ¶ 10, 12; *Brummitt*, 6th Dist. Erie No. E-13-035, 2015-Ohio-71, at ¶ 18, 21.

**Commencement of Trial**

**{¶ 21}** In *Refreshment Services Co. v. Cleveland*, 63 Ohio St.2d 89, 93, 406 N.E.2d 1115 (1980), the Supreme Court of Ohio concluded that since a trial had been held on one claim, the plaintiff was precluded from voluntarily dismissing the other pending claims. *Accord Glende Motor Co. v. Superior Court*, 159 Cal.App.3d 389, 393-394, 205 Cal.Rptr. 682 (1984), fn. 5 (trial commences when the first phase of the bifurcated trial begins).

### Case Law Analyzing Civ.R. 41(A)

**{¶ 22}** In *Chadwick v. Barba Lou, Inc.*, 69 Ohio St.2d 222, 229, 431 N.E.2d 660 (1982), the Ohio Supreme Court held:

> Under Civ. R. 41(A)(1) a plaintiff may only once unilaterally dismiss an action while reserving his right to refile.  A subsequent dismissal by notice operates as an adjudication upon the merits and is res judicata. Similarly, the Rule forbids a plaintiff from unilaterally withdrawing by notice once trial has been commenced.  After commencement of trial the plaintiff must have the concurrence to the withdrawal of all other parties (dismissal by stipulation), or subject himself to the court's discretion by moving for a court-ordered dismissal pursuant to Civ. R. 41(A)(2).  Indeed the possibility of plaintiff abuse is almost entirely mitigated where a dismissal is made pursuant to Civ. R. 41(A)(2) and, thus, is subject totally to the control of the court, acting within its sound discretion.

**{¶ 23}** In *Schwering*, 132 Ohio St.3d 129, 2012-Ohio-1481, 970 N.E.2d 865, at ¶ 21-22, the Ohio Supreme Court found that

[t]he commencement of trial cuts off a plaintiff's ability to unilaterally dismiss claims without prejudice. * * * Once trial begins, the trial court is the gatekeeper, ensuring that dismissal does not prejudice other parties and occurs "upon such terms and conditions as the court deems proper." Civ.R. 41(A)(2). This rule allows the trial court to determine the conditions to impose to protect the other parties and to ensure that they are not prejudiced upon refiling. Therefore, while Civ.R. 41(A)(1)(a) does not permit a unilateral voluntary dismissal without prejudice once trial has begun, the trial court, in its discretion, may allow a plaintiff to dismiss pursuant to Civ.R. 41(A)(2).

{¶ 24} Based on this finding, the court in *Schwering*, S.D.Ohio No. 1:10-CV-679, 2012 U.S. Dist. LEXIS 68904, at *4-5, held:

[A]ccording to the Supreme Court of Ohio, Plaintiff's voluntary dismissal of his claims without leave of court after the trial court declared a mistrial was an adjudication on the merits of his claims. Therefore, pursuant to Schwering, Plaintiff is precluded under state law from re-filing his products liability and negligence claims. This Court, therefore, is required to give the same preclusive effect that Ohio courts would and dismiss Plaintiff's complaint.

{¶ 25} The United States Court of Appeals for the Sixth Circuit affirmed the district court's order of dismissal in *Schwering v. Trw Vehicle Safety Sys.*, 512 Fed. Appx. 556, (6th Cir.2013).

**Decision**

{¶ 26} In its motion for summary judgment, OMIG argued when appellant voluntarily dismissed the bad faith claim, a jury trial had already commenced and appellant was awarded damages by the jury. OMIG asserted appellant failed to follow any provision of Civ.R. 41(A) in dismissing the bad faith claim, thus appellant could not voluntarily dismiss the bad faith claim without prejudice under Civ.R. 41(A). OMIG contended appellant's dismissal was under Civ.R. 41(B)(3), which was a dismissal on the merits.

{¶ 27} Upon review, we note it is undisputed that the matter before the trial court was the interpretation of the "commencement of trial" phrase in Civ.R. 41(A)(1)(a), where the trial has been bifurcated. That is also the issue we will decide.

{¶ 28} A bifurcated trial occurs when the issues or claims in one case are tried separately. *See* Civ.R. 42(B); *Kmotorka*, 6th Dist. Wood Nos. WD-11-018, WD-11-026, 2013-Ohio-321; *Brummitt*, 6th Dist. Erie No. E-13-035, 2015-Ohio-71. Thus, one case is tried in several phases. *Id.* When the trial on the first issue or claim of the case starts, the first phase of the bifurcated trial of the case commences. *Refreshment Services*, 63 Ohio St.2d at 93, 406 N.E.2d 1115.

{¶ 29} Here, a review of the record shows when appellant filed the notice of voluntary dismissal of the bad faith claim, a trial on the compensatory damages issue had

13.

already been held and a verdict rendered. Hence, the commencement of trial had occurred for purposes of Civ.R. 41(A)(1)(a). Since appellant's notice of dismissal was not filed in conformity with the provisions of Civ.R. 41(A)(1)(a), appellant did not have the power to unilaterally dismiss the claim without prejudice. *Schwering*, 132 Ohio St.3d 129, 2012-Ohio-1481, 970 N.E.2d 865, at ¶ 21.

{¶ 30} Upon further review, appellant did not seek a stipulation from OMIG to dismiss the bad faith claim, nor did the court order the dismissal of appellant's bad faith claim, thus the claim was not dismissed pursuant to Civ.R. 41(A)(1)(b) or (2). In addition, the dismissal did not fall under the provisions of Civ.R. 41(B)(1), (2), (4), (C) or (D). Consequently, the only remaining division of Civ.R. 41 is (B)(3), which includes the catch-all provision that "any dismissal not provided for in this rule * * * operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies." As there was no order of dismissal by the trial court, we find appellant's dismissal of the bad faith claim was pursuant to Civ.R. 41(B)(3), and was a dismissal on the merits.

{¶ 31} Based upon the foregoing, the trial court did not err in granting summary judgment to OMIG and dismissing the action with prejudice. Accordingly, appellant's assignment of error is not well-taken.

{¶ 32} The judgment of the Erie County Court of Common Please is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

14.

Judgment affirmed.


A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.    _____
               JUDGE

Arlene Singer, J.

              _____
Thomas J. Osowik, J.         JUDGE
CONCUR.

              _____
               JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.